751 So.2d 452 (2000)
Lena RUMORE
v.
Dale WAMSTAD.
No. 99-CA-557.
Court of Appeal of Louisiana, Fifth Circuit.
February 8, 2000.
Rehearing Denied March 3, 2000.
*453 Michael H. Ellis, Paula Perrone, Metairie, Louisiana, Robert H. Matthews, New Orleans, Louisiana, for plaintiff/appellant.
Robert C. Lowe, Terence L. Hauver, New Orleans, Louisiana, for defendant/appellee.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., THOMAS F. DALEY and CLARENCE E. McMANUS.
DALEY, J.
This civil suit alleges that plaintiff/appellant, Lena Rumore, was fraudulently induced into entering into a Community Partition Settlement Agreement (Settlement Agreement) and seeks to set aside the Settlement Agreement on the grounds of fraud and duress. The defendant /appellee, Dale Wamstad, responded to the suit by filing several motions, one of which was a Motion for Summary Judgment. The trial court granted the defendant's Motion for Summary Judgment and the plaintiff has appealed. For reasons assigned, we reverse the decision of the trial court.
The parties were originally married on August 5, 1962; they divorced on August 22, 1980 and remarried on April 12, 1981. They were judicially separated on March 19, 1987 and were subsequently divorced. During the course of their second marriage to one another, the parties formed and operated numerous businesses. Their primary business was known as Del Frisco's Steakhouse. The parties acknowledge that their community regime terminated on March 1, 1985, the date that Mr. Wamstad filed a Petition for Legal Separation. On November 6, 1992, the parties entered into an agreement to partition their community property. The 1992 Settlement Agreement partitioned and transferred the interest and liabilities of twenty-four business entities to Mr. Wamstad. In exchange, Ms. Rumore received a cash consideration of $45,000.00 dollars. Among the entities transferred to Mr. Wamstad were:
Del Frisco's of Louisville

*454 Del Frisco's of Gretna
Del Frisco's International, Inc.
Del Frisco's Steakhouse of Dallas, Texas, Inc.
Del Frisco's Beverage, Inc.
Del Frisco's Steakhouse of Austin, Texas
Del Frisco's Ltd.
Texas Pacific Corporation
In this litigation Ms. Rumore contends that the Settlement Agreement should be voided because Mr. Wamstad misrepresented his financial condition, fraudulently concealing community and separate assets which effectively deceived her into believing that the community had little value, and that he had no assets to pay claims he may have owed to the community for self dealing and failure to preserve community assets. She claims that unbeknown to her, the former community entity, Texas Pacific Corporation, and/or Mr. Wamstad, had an undisclosed ownership interest in Duck River Steakhouse of Texas Inc., (Duck River), which owned and/or operated a steakhouse located on Lemmon Avenue in Dallas. On September 16, 1995, Mr. Wamstad participated in the sale of a steakhouse restaurant and certain trademarks, leasehold and management rights to Lone Star Steakhouse and Saloon for $22.7 million[1]. When Ms. Rumore discovered the sale and compared the $45,000.00 she received for her half interest in the community, which included the Del Frisco's Steakhouse businesses, with the $22.7 million dollar sale price, allegedly received by Mr. Wamstad from Lone Star, she filed suit alleging fraud. Ms. Rumore alleges that she learned in September or early October of 1995, that Mr. Wamstad had concealed the existence and value of significant assets, thereby perpetrating a fraud against her in the partition negotiations and agreement.
In granting the defendant's Motion for Summary Judgment, the trial court found that all entities and property that were part of the sale to Lone Star were either transferred to Mr. Wamstad in the 1992 Settlement Agreement or were formed after the termination of the community. The court further found the wording of the Settlement Agreement precluded plaintiff from pursuing claims of duress or fraud.
On appeal, Ms. Rumore identifies three Assignments of Error:
1. The trial court erred in finding that the Community Property Partition Agreement precludes appellant from asserting her claims of duress or fraud.
2. The trial court erred in denying appellant the opportunity to conduct adequate discovery for purposes of opposing the Motion for Summary Judgment.
3. The trial court erred in finding that there were no genuine issues of material fact in dispute.

ASSIGNMENT OF ERROR NO. 1:
The trial court's judgment asserts that the Settlement Agreement "precludes Lena Rumore from pursuing the claims of duress or fraud that she asserts in her petition as amended." Her Supplemental and Amended Petition for Damages alleges that:
1. She was placed under extreme financial and emotional pressure and duress by Dale Wamstad which nullified her "consent" due to the fact that Dale Wamstad was threatening to declare bankruptcy if Lena Rumore would not accede to his demands of partitioning the community property on his terms.
2. Dale Wamstad, intentionally misrepresented to Lena Rumore the assets and liabilities of the community, *455 claiming he didn't own certain assets and/or that the community had little or no value.
3. Dale Wamstad did not disclose any ownership interest in Del Frisco's Double Eagle Restaurant prior to her entering into the Community Settlement Agreement.
4. The partition judgment should be found to be null and void due to Dale Wamstad's fraudulent actions.
The law is well settled that compromise agreements between parties are favored by law, but may be invalidated, as any other contracts, when there is evidence of bad faith or fraud on the part of either party.
Louisiana Civil Code Article 3079 provides:
A transaction may be rescinded notwithstanding, whenever there exists an error in the person or on the matter in dispute. It may likewise be rescinded in the cases where there exists fraud or violence.
The right to judicially set aside a community partition on the ground of fraud has been implicitly recognized by this court. See eg., Autin v. Autin, 617 So.2d 229 (La.App. 5 Cir.1993). See also, Adams v. Adams, 503 So.2d 1052 (La.App. 2 Cir.1987). When parties choose to compromise their dispute, the settlement contract becomes the law between the parties. LSA-C.C. arts.1983 and 3071. Such compromise cannot be attacked by either party for any error of law or any lesion. LSA-C.C. art. 3078. "The only circumstance in which they can be set aside are when there is error as to the person or matter in dispute, fraud or violence in the confection of the agreement, LSA-C.C. art. 3079, or where the agreement is against public policy." Kozina v. Zeagler, 94-413 (La.App. 5 Cir. 11/29/94), 646 So.2d 1217 at 1220. The Louisiana Supreme Court in Three Rivers Oil Co. v. Laurence, 95 So. 652, 153 La. 224 (1923), recognized that sufficient cause exists for annulling a settlement between parties when the settlement was induced by one of the parties false and fraudulent statements respecting the status of the accounts between the parties and respecting his use of funds or property.
The Settlement Agreement between Ms. Rumore and Mr. Wamstad contains the following language:
Both parties do covenant and agree that this is a fair and equitable division of any and all community and/or jointly held assets and liabilities, and they also acknowledge that neither party has any claim for lesion; and the parties further acknowledge no coercion, fraud, duress or threats in the making of this settlement. Both parties have been represented by independent counsel and are fully satisfied with the disclosure of information, and the opportunity to obtain information, necessary to enable them to enter into this agreement. They do so freely and willingly.
While the Settlement Agreement "acknowledge(s) no coercion, fraud, duress or threats in the making of this settlement", defendant, Mr. Wamstad, cannot utilize the language of the Settlement Agreement to shield himself from fraud which was unknown to plaintiff, Lena Rumore at the time she entered into the Settlement Agreement. The code and applicable case law supports a cause of action to invalidate a settlement reached due to fraudulent representation. Pursuant to LSA-C.C. art. 3079, the Settlement Agreement may be rescinded in the case where there exists fraud. "Compromises have no immunity from decrees of nullity where errors of fact, bearing upon the principle cause of the compromise, and coupled with fraud, are shown to exist." Packard v. Ober, 26 La .Ann. 424 (1874). The provision of the Settlement Agreement acknowledging no fraud in the making of this settlement can not be used to defeat the allegation of fraud because if the allegation of fraud is proven, the Settlement Agreement is void. Therefore, we find that plaintiff is not precluded by the language of the Settlement *456 Agreement from pursuing allegations of fraud unknown to her at the time of signing the Community Property Settlement.

ASSIGNMENT OF ERROR NO. 2:
Ms. Rumore asserts that the trial court erred in denying her the opportunity to conduct adequate discovery in order to oppose the Motion for Summary Judgment. She contends that during a status conference held November 1998, her counsel explained to the trial judge that they needed to take the deposition of Colleen Wamstad and her father, Chester Keating. Counsel also explained that further discovery was needed to obtain the business and tax records of Duck River Corporation to verify the financial representations made concerning the Lemmon Avenue restaurant. She represents that her request was denied.
As legal support of her position, appellant cites the portion of Louisiana Code of Civil Procedure Article 966 which states "after adequate discovery" a Motion for Summary Judgment may be granted. The language of Article 966 does not grant a party the absolute right to delay a Motion for Summary Judgment until all discovery is complete. Simoneaux v. E.I. du Pont de Nemours and Co., Inc., 483 So.2d 908 (La.1986). Rather, the law only requires that the parties be given a fair opportunity to present their case. Id.
Appellee correctly points out that counsel for Lena Rumore moved to set the matter for trial on the merits prior to the hearing on the Summary Judgment and represented in pleadings to the court that "ALL DISCOVERY HAS BEEN COMPLETED". Given this fact, we find the appellant's argument that the trial court erred in failing to allow adequate discovery is without merit.

ASSIGNMENT OF ERROR NO. 3:
In her petition, plaintiff alleges she was fraudulently induced into entering into the Settlement Agreement and that the defendant intentionally misrepresented to her that he had no ownership interest in the Del Frisco's Double Eagle Restaurant. Lena Rumore asserts that whether or not Dale Wamstad's misrepresentation of the ownership of assets prior to the signing of the Settlement Agreement is a material fact in dispute, and the trial court erred in deciding the issue on Summary Judgment.
Louisiana Code of Civil Procedure Article 966 provides that a Motion for Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. It is well settled in our jurisprudence that appellate courts review Summary Judgments de novo, using the same criteria applied by trial courts to determine whether summary judgment is appropriate. Rapp v. City of New Orleans, 95-1638 (La.App.4th Cir. 9/18/96), 681 So.2d 433.
In support of his Motion for Summary Judgment, Dale Wamstad argued that every property involved in the sale to Lone Star was either disclosed and partitioned to him, or came into existence after the termination of the community. He lists the things sold to Lone Star as:
Trademark "Double Eagle," and all related rights,
Beefsteak, Ltd., and all related rights,
Management contract to operate Del Frisco's between Beefsteak, Ltd., and Irwin J. Grossner Foundation, Inc.,
Del Frisco's International, Inc., and all related property and rights,
Trademarks of Del Frisco's and Del Frisco's Steak House,
Various licensing agreements involving Del Frisco's International, Inc., Del Frisco's Steakhouse of Houston, Texas, and Del Frisco's Steakhouse of Orlando, Florida,

*457 Land at 5251 Spring Valley Road, and improvements known as Del Frisco's Double Eagle Steak House,
Lease dated April 5, 1993 between Colleen Keating and Irwin J. Grossner Foundation, Inc., d/b/a Del Frisco's Double Eagle Steak House, and
Land and improvements located at 812 Main Street, Fort Worth, Texas.
Mr. Wamstad claims that Del Frisco's International, Inc. owned the trademark for Del Frisco's and Del Frisco's Steakhouse. Del Frisco's International, Inc. was partitioned to Mr. Wamstad in the 1992 Settlement Agreement. These trademarks did not include the "Double Eagle" trademark which was applied for by Dale Wamstad individually on April 19, 1995.
In her Memorandum in Opposition, Lena Rumore argued that during the partition proceedings, Mr. Wamstad set up numerous corporations and other entities which made it impossible to try to ascertain the community's true financial picture. The plaintiff contends that by setting up numerous corporations and entities, Mr. Wamstad concealed the existence and value of significant assets, and perpetrated a fraud against her in the partition negotiations and agreement.
In support of her position, plaintiff points to the Affidavit of William Legier, an accountant appointed by the court to value the former Wamstad-Rumore community. The Affidavit states that Mr. Wamstad refused to pay for services performed in connection with this appointment based on Mr. Wamstad's position that there were no community assets. Mr. Legier's services were apparently terminated prior to a value being placed on the community. In the Settlement Agreement, Ms. Rumore acknowledged full discovery by allowing the phrase, "both parties are fully satisfied with the disclosure of information", to be included in the agreement. It is too late for Lena Rumore to claim now that the independent evaluator could not do his job because of Mr. Wamstad's failure to cooperate. Ms. Rumore could have asserted this during the partition litigation. Failure to cooperate does not constitute fraud. Despite there being no independent evaluation Ms. Rumore, with advice of her counsel in November of 1992, executed a Settlement Agreement which was subsequently approved by the trial court. The law does not allow Lena Rumore's failure to pursue her adequate discovery remedies prior to signing the Settlement Agreement to be used to nullify the Settlement Agreement; however, the law recognizes fraudulent concealment of assets as a basis to nullify the Settlement Agreement.
We find there are material issues of fact as to whether there was fraudulent concealment of assets by Mr. Wamstad prior to the time the parties entered into the Settlement Agreement. The alleged concealment of assets revolves around two steakhouses in Dallas which Mr. Wamstad managed or assisted in the management of. The first steakhouse was on Lemmon Avenue and the second on Spring Valley Road. His ownership interest in these steakhouses is disputed. He claims he had no ownership. Ms. Rumore claims he owned or controlled both steakhouses. According to Mr. Wamstad's deposition the restaurant located on Lemmon Avenue was owned by Duck River Corporation and managed by Manessah Management Co. The restaurant located on Spring Valley Road, which opened four days after the Lemmon Avenue restaurant closed, was managed by Beef Steak Ltd. Both restaurants used the trade name Del Frisco's Double Eagle Steak House.
According to Mr. Wamstad, various entities leased the premises at 4300 Lemmon Street to operate a steakhouse. Duck River Corporation began operating the steakhouse in 1989. Prior to that Del Frisco's of Dallas, Texas, Inc. operated it with Del Frisco's International, Inc. as a guarantor on the lease.
Duck River Corporation was incorporated on March 21, 1989. Mr. Burrell Johnston *458 testified that he owned 100% of Duck River Corporation from 1989 until 1994. Mr. Wamstad's corporation, Texas Pacific Corporation, initially lent Duck River Corporation $60,000.00 to upgrade the kitchen and dining room furniture of the restaurant. The restaurant did business as "Del Frisco's Double Eagle Steakhouse". The restaurant was managed by Manessah Management Company, which was originally owned by Colleen Wamstad's father, Chester Keating and later transferred to Colleen Wamstad, Dale Wamstad's current wife.
Lena Rumore contends that the $60,000.00 loan to Duck River Corporation by Texas Pacific was not a loan at all; rather it was an investment by her community in Duck River Corporation. Ms. Rumore asserts that Dale Wamstad owned Duck River Corporation and that he fraudulently concealed this ownership. She asserts that Mr. Burrell Johnston, who was Mr. Wamstad's attorney in Texas, formed the corporation for Dale Wamstad and held the stock for him in order to defraud her. In support of this allegation she relies on an affidavit by Ted Trammel, the owner of Duck River Ltd., a non-affiliated Texas corporation with a similar name. Presumably Duck River Ltd's. permission had to be obtained before the State of Texas would authorize the use of the name "Duck River Steakhouse of Texas, Inc." The affidavit states that Mr. Trammel gives permission to Burrell Johnston to incorporate Duck River Corporation on behalf of Mr. Wamstad. Plaintiff asserts this is proof that Mr. Wamstad owned Duck River Corporation.
In Lena Rumore's affidavit attached to her Opposition to the Summary Judgment she states that Duck River Corporation, Del Frisco's Double Eagle Steakhouse on Lemmon Avenue, and Manessah Management Company were not listed on the Settlement Agreement, and further that if she had knowledge of Mr. Wamstad's ownership interest in these entities, she would not have signed the Settlement Agreement. She claims her position that Mr. Wamstad, not Mr. Johnston, owned Duck River Corporation is further supported by the fact that Mr. Johnston, the alleged owner of Duck River Corporation, only received $600.00 per month dividends and a small year end bonus, despite the fact that Manessah Management Company, operated by Mr. Wamstad's current wife, received over one million dollars in profit. More importantly, Lena Rumore claims Mr. Johnston sold his stock in Duck River Corporation for only $1,000.00 and did not list this sale as a capital gain on his tax return. Instead the $1,000.00 was listed as ordinary income, allegedly because it was for legal services performed for Duck River Corporation and not in exchange for any ownership interest.
Plaintiff also points to the deposition excerpts of Dale Wamstad,[2] and Colleen Wamstad[3] as evidence that defendant misrepresented his assets. In this excerpt, Mr. Wamstad testified that he did not have any ownership in the Lemmon Avenue restaurant. Colleen Wamstad, Mr. Wamstad's present wife, testified that Mr. Johnston owned 100% of the Lemmon Avenue restaurant. Burrell Johnston, in his deposition testimony, contradicted Mr. Wamstad's sworn statement that he, Mr. Wamstad, never owned any stock in Duck River Corporation. Mr. Johnston produced records indicating that the stock in Duck River Corporation was sold to Mr. Wamstad on December 16, 1994 for $1,000.00. Mr. Wamstad now claims he only held the stock for a third party.
The facts surrounding the opening of the second steakhouse on Spring Valley Road *459 also raised some suspicion. Mr. Wamstad testified that the Lemmon Avenue restaurant and the Spring Valley Road restaurant were two entirely separate entities. Colleen Wamstad, Mr. Wamstad's current wife, purchased the Spring Valley Road property with her separate funds. Manessah Management Company paid to construct the restaurant on the Spring Valley Road property out of the profits from the Lemmon Avenue steakhouse. Both restaurants used the same trade name, Del Frisco's Double Eagle Steakhouse. The Spring Valley Road restaurant opened for business within days of the closing of the Lemmon Avenue restaurant, used many of the same employees, the same advertising, and held itself out to the public as the identical restaurant.
The Del Frisco's trade name has been associated with Dale Wamstad since his marriage to Lena Rumore. The Double Eagle trade name was added after the community terminated. When questioned about the fact that both restaurants in Dallas used the same name, Del Frisco's Double Eagle Steakhouse, Mr. Wamstad stated that he asked Mr. Johnston to use the trade name and Mr. Johnston had no objection to the use of the name at the Spring Valley Road restaurant. These facts, Mrs. Rumore alleges, show that although the stock of Duck River Corporation may have been held in Mr. Johnston's name, Mr. Wamstad in fact owned or controlled it. Furthermore, in the sale to Lone Star, Mr. Wamstad represented that he "... is the founder of Del Frisco's Double Eagle Steakhouse". In the trademark application, Dale Wamstad requested registration of the trademark "Double Eagle Steak House" for restaurant services. Mr. Wamstad, in his deposition, states that Del Frisco's International, Inc. licensed the trade name "Del Frisco's Double Eagle Steakhouse" to Duck River Corporation, the first entity to use that name. It is unclear how Del Frisco's International, Inc. came to license Dale Wamstad's trademark. This and similar conflicting representations of ownership and control create material issues of disputed facts.
The depositions and affidavits submitted weave a tangled web. It is clear that Mr. Wamstad owned and operated steakhouse restaurants while married to Ms. Rumore. He continued to participate in the operation of steakhouse restaurants after termination of the marriage and after the community was partitioned. At the time the community was partitioned he represented the community assets were of limited or no value, and he had no separate assets to repay the community or Lena Rumore any obligation owed to her or the community. Within three years of the Settlement Agreement, he negotiated and benefitted from the sale of Del Frisco's Double Eagle Steakhouse for $22.7 million dollars. Given these facts, we find the plaintiff has set forth sufficient evidence to demonstrate disputed issues of material fact.
Questions of fact exists as to:
1. Whether or not Dale Wamstad fraudulently concealed community assets; and
2. Whether or not Dale Wamstad fraudulently concealed his financial condition at the time the parties entered into the Community Partition Settlement Agreement.
Accordingly, the Judgment of the trial court is reversed and the matter is remanded to the District Court for further proceedings.
REVERSED.
NOTES
[1] In his Motion for Summary Judgment, Mr. Wamstad explained that there were actually thirteen parties to the sale. These parties consisted of various entities, as well as Mr. Wamstad individually. The Act of Sale was not made part of the record on appeal, thus it is unclear how much money Mr. Wamstad actually received from the sale.
[2] This deposition was taken in a matter entitled Del Frisco International, Inc. v. Michael Piper, III, Civil Action No. 3-89-2744-D, filed in the United States District Court for the Northern District of Texas.
[3] This deposition was taken in a matter entitled Dale Francis Wamstad v. Lena Ann Rumore, wife of Dale Francis Wamstad, No. 307-614, filed in the 24th Judicial District Court.