# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-442

### J. CLEMILLE SIMON AND KATHERYN SIMON

### VERSUS

### R. SCOTT BELAIRE, ET AL

\*\*\*\*\*\*\*\*\*\*\*\*

## APPEAL FROM THE
## FIFTEENTH JUDICIAL DISTRICT COURT
## PARISH OF LAFAYETTE, NO. C-20082703
## HONORABLE JULES EDWARDS, III, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

## J. DAVID PAINTER
## JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, J. David Painter, and James T. Genovese, Judges.

**REVERSED, RENDERED, AND REMANDED**.

**Robert A. Robertson**
**2000 Kaliste Saloom Rd.**
**Suite 400**
**Lafayette, LA 70508**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
     **R. Scott Belaire and Sharon Belaire d/b/a Belaire Quality Builders**

**Barry Domingue**
**J. Clemille Simon**
**P.O. Box 52242**
**Lafayette, LA 70505**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
     **J. Clemille Simon and Katheryn Simon**

**PAINTER, Judge**

Defendants, Scott and Sharon Belaire d/b/a Belaire Quality Builders, appeal the trial court's grant of Plaintiffs' motion for summary judgment. For the following reasons, we reverse the trial court's judgment and remand for further proceedings.

**FACTS**

Plaintiffs, J. Clemille Simon and his wife, Katheryn Simon, hired R. Scott Belaire, d/b/a Belaire Quality Builders, in connection with the construction of a house in Lafayette, Louisiana. It is uncontested that Simon himself was listed on the permits as the prime contractor for the project. In April 2008, Belaire submitted an invoice for his services in the amount of $16,067.00. At about the same time, Simon fired Belaire telling him that numerous defects had been detected by Al Mallet, an expert retained by the Simons.

In May 2008, the Simons filed this suit. In September 2010, the trial court entered an order setting the matter for trial and setting dates for discovery as follows:

> IT IS HEREBY ORDERED, that the trial in the matter of J. CLEMILLE SIMON and KATHERYN SIMON vs. R. SCOTT BELAIRE AND SHARON BELAIRE d/b/a BELAIRE QUALITY BUILDERS be set for jury trial on the 16th day of May, 2011, at 1:30 p.m. o'clock in Lafayette Parish.

> IT IS FURTHER ORDERED THAT DISCOVERY DEPOSITIONS OF THE PARTIES BE CONDUCTED ON OR BETWEEN THE DATES OF OCTOBER 13TH, 14TH, AND 15TH OF 2010.

> IT IS FURTHER ORDERED THAT THE DISCOVERY DEPOSITIONS OF PARTIES AND/OR NON PARTIES BE CONDUCTED ON OR BETWEEN THE FOLLOWING DATES: NOVEMBER 15 & 16TH, 2010; JANUARY 5TH, 6TH, AND 7TH, 2011; AND THE WEEK OF FEBRUARY 28TH, 2012.

> IT IS FURTHER ORDERED THAT THE PARTIES ALSO COMPLY WITH THE STANDING PRE TRIAL ORDER OF THE

1

15TH[] JUDICIAL DISTRICT COURT AND ANY DEADLINES CONTAINED THEREIN.

On January 26, 2011, Plaintiffs filed a motion for summary judgment seeking a determination that Scott Belaire was not a licensed contractor; was functioning as a licensed contractor on the Simon house job; billed and was paid as a contractor for his supervison/oversight; that the project cost over $75,000.00; that La.R.S. 37:2150, et seq., prohibits anyone except a licensed contractor from receiving payment for oversight of a residential construction project costing over $75,000.00; that Scott Belaire violated La.R.S. 37:2150 and was fined; that they, Plaintiffs, were entitled to a return of the contractor's fees paid to Belaire; and damages for defects in the construction and for repairs required by those defects.

A hearing on the motion for summary judgment was set for February 14, 2011. On January 31, 2011, Defendants filed a motion to continue the hearing, citing their lack of representation and that as owners of a florist shop, that date was the busiest of their year. The motion was denied. Defendants retained counsel and re-urged their motion to continue on February 10, 2011, citing the need for time to respond to the motion for summary judgment. Plaintiffs moved to strike Defendants' opposition to the motion for summary judgment as well as an objection to the motions to continue. On February 11, 2011, Defendants filed a motion to strike Plaintiffs' motion for summary judgment.

The trial court struck Defendants' opposition and, on February 14, 2011, the trial court denied the motion to continue and granted Plaintiffs' motion for summary judgment. Defendants appeal.

## DISCUSSION

Defendants assert that the trial court erred in granting the motion for summary judgment. We agree. After review, we find that the failure to allow

2

Defendants to complete discovery, as set out in the trial court's discovery schedule, renders the motion for summary judgment premature.

> Generally, a motion for summary judgment may only be granted "[a]fter adequate discovery or after a case is set for trial ...." La. C.C.P. art. 966(C)(1). Although the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, the law does require that the parties be given a fair opportunity to present their case. *Doe*, 00-1905 (La.App. 4 Cir. 6/27/01), 790 So.2d 136; *Rumore v. Wamstad*, 99-557, p. 7 (La.App. 5 Cir. 2/8/00), 751 So.2d 452, 456, citing *Simoneaux v. E.I. du Pont de Nemours and Co., Inc.*, 483 So.2d 908 (La.1986).

*Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Group), Ltd.*, 03-1600, pp. 3-4 (La.App. 4 Cir. 3/3/04), 868 So.2d 967, 969.

In the present case, we find that the information sought by Defendants pertains directly to the unresolved factual issue of damages. Further, the additional discovery sought is relevant to the issues before the court on summary judgment. Plaintiffs' case rests largely on the testimony of their expert, Al Mallet. As of the time of the hearing on the motion for summary judgment, his deposition had not been taken, nor had Defendants' expert had an opportunity to inspect the property. Given that time still remained under the trial court's own discovery order in which to complete this discovery, we find that the trial court abused its discretion in granting the motion for summary judgment.

Accordingly, this court reverses the grant of the motion for summary judgment, renders judgment denying Plaintiffs' motion for summary judgment, and remands to the trial court to allow adequate time for completion of discovery. Having so found, we need not consider whether the court properly denied Defendants' motions to continue or whether it properly struck Defendants' memorandum in opposition to the motion for summary judgment.

## CONCLUSION

For these reasons, the judgment of the trial court granting Plaintiffs' motion for summary judgment is reversed and judgment is rendered denying Plaintiffs' motion for summary judgment. The matter is remanded to the trial court to allow time for discovery to be completed. Costs of this appeal are assessed to Plaintiffs.

**REVERSED, RENDERED, AND REMANDED.**