NOT FOR PUBLICATION

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

11-1318

JAMES BOWLIN

VERSUS

RUSSELL TAYLOR, ET AL

**********
APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, DOCKET NO. 240,118
HONORABLE HARRY F. RANDOW, DISTRICT JUDGE
**********

SYLVIA R. COOKS
JUDGE

**********

Court composed of  Chief Judge Ulysses Gene Thibodeaux, and Judges Sylvia R. Cooks and Billy H. Ezell

REVERSED AND REMANDED.

Howell D. Jones, IV
Law Firm of Howell D. Jones, IV
P.O. Box 14558
Alexandria, LA  71315
(318) 442-1515
COUNSEL FOR PLAINTIFF/APPELLANT:
James Bowlin

Randall B. Keiser
D. Heath Trahan
Keiser Law Firm, P.L.C.
P.O. Box 12358
Alexandria, LA  71315
(318) 443-6168
COUNSEL FOR DEFENDANTS/APPELLEES:
City of Pineville and Donald Weatherford

**COOKS, JUDGE**.

## FACTS AND PROCEDURAL HISTORY

James Bowlin (Bowlin) sued Russell Taylor (Taylor), the City of Pineville (Pineville), Terrell Paul and/or Donald Weatherford in their capacity as Chief of Police of the Pineville City Police Department (Chief), and Officer "John Doe." Bowlin alleges Taylor defamed his good name and business reputation by publishing information about Bowlin allegedly improperly obtained from the Louisiana Justice Network's (Network) confidential database. Bowlin maintains the information included his entire police record of arrests, charges, and convictions as well as personal information such as his social security number, date of birth, contact information, and driver's license number. He alleges that only some of the information wrongfully obtained is also public record. Bowlin is a small business owner in the Pineville area. He alleges that Taylor has defamed his good name and business reputation and has invaded his right to privacy.

Bowlin and Taylor have a history of ill will which began when Bowlin started dating Taylor's ex-wife. Bowlin alleges the confidential information was obtained for, and provided to Taylor, by an unidentified member of the Pineville City Police Department using police computers to access the Network's database. Bowlin alleges he learned that an as-yet unidentified member of the Pineville City Police Department logged onto the secure website, obtained confidential information about Bowlin, and provided that information to Taylor. Bowlin identifies his source of information at the Network as Detective Shelly Scott (Scott), an employee of the Louisiana State Police. Bowlin alleges Scott informed him that she conducted an internal investigation into the inappropriate utilization of the database by an employee of the Pineville City Police Department who obtained the database information about Bowlin. Bowlin asserts that Scott cannot provide any information on the matter until she is properly subpoenaed in a lawsuit. Taylor

maintains that the information mysteriously appeared in his mailbox one day from an unknown source.

Along with filing the lawsuit, Bowlin issued a subpoena to obtain Scott's file. Approximately four months after suit was filed, and the subpoena issued, but before the state police responded to the subpoena, Pineville and the Chief filed a motion for summary judgment asserting Bowlin cannot prove his case. They assert there are no genuine issues of material fact in dispute. Pineville and the Chief assert that Bowlin's responses to discovery and his testimony at the hearing demonstrate that he does not know the identity of the member of the police department who allegedly improperly obtained the information and provided it to Taylor, and he therefore cannot prove his allegations. The trial court granted summary judgment dismissing Plaintiff's claims against Pineville, Terrell Paul, Donald Weatherford, and "John Doe" with prejudice. The trial court certified the judgment as a final and appealable judgment. Bowlin appeals asserting the trial court erred in granting summary judgment prematurely and in finding there are no genuine issues of fact in dispute.

## LAW AND DISCUSSION

The basis for obtaining the dismissal of an action on summary judgment is provided in La.Code Civ. P. art. 966. In pertinent part, La.Code Civ.P. art. 966(C) (emphasis added) expressly provides "*After adequate discovery* or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law shall be granted."

We review motions for summary judgment de novo to determine whether the trial court's decision was appropriate. *Ross v. Conoco, Inc.*, 02-299 (La. 10/15/02), 828 So.2d 546. After a review of the record, we find the trial court erred in granting summary judgment. Bowlin was not accorded reasonable time to conduct discovery. His subpoena to the Louisiana State Police was still

2

outstanding, and he had not yet been provided the information subpoenaed. This was the only means of discovery available to Plaintiff to obtain the information needed to proceed with his suit and further discovery. This information, known only to Scott and the state police, is critical to Bowlin's case as to all Defendants, especially "John Doe." In a recent case, this court held that a party " 'must be given a fair opportunity to present their case.'" *Simon v. Belaire*, 11-442, p. 3 (La.App. 3 Cir. 10/5/11), 74 So.3d 1250, 1252, *writ denied*, 11-2454 (La.2/3/12) __ So.3d__ (quoting *Leak & Anderson LLP v. SIA Ins. Co. (Risk Retention Group), Ltd.*, 03-1600, pp. 3-4 (La.App 4 Cir. 3/3/04), 868 SO.2d 967, 969. In *Simon* we held:

> After review, we find that the failure to allow Defendants to complete discovery, as set out in the trial court's discovery schedule, renders the motion for summary judgment premature.
>
> Generally, a motion for summary judgment may only be granted "[a]fter adequate discovery or after a case is set for trial...." La.C.C.P. art. 966 (C)(1). Although the language of article 966 does not grant a party the absolute right to delay a decision on a motion for summary judgment until all discovery is complete, *the law does require that the parties be given a fair opportunity to present their case*. *Doe [v. ABC Corporation]*, 00-1905 (La.App. 4 Cir. 6/27/01), 790 So.2d 136; *Rumore v. Wamstad*, 99-557, p. 7 (La.App. 5 Cir. 2/8/00), 751 So.2d 452, 456, citing *Simoneaux v. E.I. du Pont de Nemours and Co., Inc.*, 483 So.2d 908 (La.1986).
>
> *Leake & Andersson, LLP v. SIA Ins. Co. (Risk Retention Group), Ltd.*, 03-1600, pp. 3-4 (La.App. 4 Cir. 3/3/04), 868 So.2d 967, 969.

*Id.* at 1252. (alterations in original)

In *Simon*, suit was filed in May 2008 but the court did not set discovery dates until September 2010. The plaintiffs filed their motion for summary judgment on January 26, 2011, which was set for hearing on February 14, 2011. The defendants in *Simon* moved for a continuance based on their lack of representation, and, that as florists, the date for the hearing was their busiest day of the year. The trial court denied the motion for continuance. The defendants hired an attorney who re-urged the motion to continue and filed an opposition to the

3

motion for summary judgment, arguing he needed time to prepare a response to the motion for summary judgment as no discovery had been accomplished. The trial court denied a continuance, and on that same date granted the plaintiffs' motion for summary judgment. This court reversed, finding the trial court's grant of summary judgment premature. We reasoned in *Simon* that:

> [T]he information sought by Defendants pertains directly to the unresolved factual issue of damages. Further, the additional discovery sought is relevant to the issues before the court on summary judgment. Plaintiffs' case rests largely on the testimony of their expert, Al Mallet. As of the time of the hearing on the motion for summary judgment, his deposition had not been taken, nor had Defendants' expert had an opportunity to inspect the property. Given that time still remained under the trial court's own discovery order in which to complete this discovery, we find that the trial court abused its discretion in granting the motion for summary judgment.

*Id.* at 1252-53.

In the present case the suit had only been filed four months before the Defendants filed their motion for summary judgment. The Plaintiff did not delay in seeking to find the key information he needed to proceed with the case as he filed a subpoena directed to the Louisiana State Police when he filed suit. Though summary judgment is intended to provide an expeditious means of resolving disputes where no genuine issues of material fact exist, the process must not be employed so as to deprive litigants a "fair opportunity to present their case." *Id.* at 1252.

We find the trial court erred in granting the Defendants' motion for summary judgment under the circumstances of this case. Moreover, there are many genuine issues of fact in dispute which cannot be resolved at this early stage of the proceedings. Plaintiff has identified a witness employed by the Louisiana State Police who allegedly can provide the name of the person who may have obtained Bowlin's information improperly and thereby provide Bowlin with the name of "John Doe" whom he seeks to make a party to this litigation. Bowlin has

4

no other means to obtain this information but by the subpoena he filed without delay concurrently with his petition for damages.  Taylor's testimony at the hearing on the motion for summary judgment was contradicted by other witnesses creating factual issues which cannot appropriately be determined on summary judgment. We reject the Defendants' argument that Bowlin's inability to identify John Doe at this stage of the proceedings equates to there being no evidence to support Bowlin's allegations.   Bowlin is entitled to a reasonable time to conduct discovery including a reasonable time to receive a response to the outstanding subpoena.

For the reasons as stated, we reverse the trial court's ruling and remand the case for further proceedings in accordance with the law. All costs of appeal are assessed against Defendants/Appellees.

**REVERSED AND REMANDED**.