WHIPPLE, C.J.
Plaintiffs, Russell Charles and Consandra Charles, appeal a judgment of the trial court granting summary judgment in favor of defendants, Moore Petroleum, Inc., Power Petroleum, Inc., and National Fire and Marine Insurance Company, and dismissing with prejudice plaintiffs' claims against these defendants. For the following reasons, we reverse.
FACTS AND PROCEDURAL HISTORY
On October 25, 2012, Russell Charles was operating a vehicle and pulling a flatbed trailer on Interstate 10 in Iberville Parish when he was struck from behind by a Dodge Ram pick-up truck operated by Mark Moore and owned by Moore Leasing, LLC, a company owned by Moore and his wife, Paulette Moore, and insured by State Farm Mutual Automobile Insurance Company ("State Farm").
On May 2, 2013, Moore signed an affidavit stating that he was not in the course *1024 and scope of his employment or on a mission for any party at the time of the October 25, 2012 accident and that the State Farm policy was the only available liability insurance policy that would provide coverage to Russell Charles for his injuries sustained in the automobile accident.
Thereafter, on May 9, 2013, Russell and Consandra Charles signed a release, stating that in consideration of their receipt of fifty-thousand ($50,000.00) dollars, they released all claims against Moore Leasing, LLC, Mark Moore, Paulette Moore, State Farm, and "all other persons, firms or corporations liable or, who might be claimed liable" for the October 25, 2012 accident.[1]
On June 6, 2013, the Charleses filed the instant suit, seeking damages for Russell Charles's injuries sustained in the October 25, 2012 accident and Consandra Charles's loss of consortium, naming as defendants three companies owned by Moore and his wife, namely: Moore Petroleum, Inc., Power Petroleum, Inc., and Moore Properties, LLC. The petition alleged that Moore was in the course and scope of his employment with these corporations at the time of the accident, and thus, these corporations were vicariously liable. By amended petition, the Charleses also named as an additional defendant National Fire and Marine Insurance Company ("National Fire"), as the insurer of Moore Petroleum, Power Petroleum, and/or Moore Properties.[2]
In response to the petition, defendants Moore Petroleum and Power Petroleum raised the affirmative defenses of compromise, settlement, and res judicata , and National Fire pled the affirmative defense of release and discharge on account of compromise and settlement. Thereafter, Moore Petroleum, Power Petroleum, and National Fire filed a motion for summary judgment, seeking a dismissal of the Charleses' claims against them on the grounds that: (1) Mark Moore was not acting in the course and scope of employment for either Moore Petroleum or Power Petroleum at the time of the accident, and (2) the May 9, 2013 release agreement signed by the Charleses precludes any action they had against Moore Petroleum, Power Petroleum, and National Fire as the release was granted in favor of the listed parties and "all other persons, firms or corporations liable or who might be claimed to the liable[.]"
The Charleses opposed the motion for summary judgment, contending that: (1) the defendants did not submit competent and admissible summary judgment evidence, as the affidavits submitted by the defendants in support of the summary judgment were not signed by the affiants and, although defendants sought to substitute the unsigned affidavits, the substitution was untimely; (2) genuine issues of material fact remained as to whether Moore was legally in the course and scope of his employment with Power Petroleum at the time of the accident, as there was other evidence showing that at the time of the accident, Moore was abruptly returning from Alabama and communicating with others about Power Petroleum's ability to respond to the impending Hurricane Sandy disaster; and (3) Moore's prior inconsistent sworn statements and resulting lack of credibility accordingly created genuine issues of fact.
Following argument, the trial court granted the defendants' motion for summary judgment, finding that the release was valid and enforceable, and that as *1025 such, the Charleses did not have any right of action against the defendants. Accordingly, on September 14, 2016, the trial court signed a judgment, granting the defendants' motion for summary judgment and dismissing the Charleses' claims against them with prejudice.
The Charleses then filed the instant appeal, assigning the following as error:
(1) A party seeking summary judgment must file its motion, with executed affidavits, as least sixty-five days prior to trial. Because defendants filed the motion for summary judgment sixty-three days prior to trial and attached two non-executed affidavits, the trial court erred in denying the Charleses' motion to strike.
(2) A release which memorializes a transaction and compromise may be rescinded where there exists an error on the matter in dispute or fraud. Because the Charleses executed a release upon Moore's assertion that he was not within the course and scope of his employment-the trial court should not have granted summary judgment on grounds that the release was valid and not subject to material misrepresentation.
DISCUSSION
Rescinding the Release Agreement
For ease of discussion, we first address the merits of the motion for summary judgment and the Charleses' argument that the trial court erred in granting summary judgment because Moore's prior inconsistent statements and resulting lack of credibility create genuine issues of fact as related to the validity of the release and compromise agreement.
A compromise is a contract whereby the parties, through concessions made by one or more of them, settle a dispute or an uncertainty concerning an obligation or other legal relationship. LSA-C.C. art. 3071. A compromise precludes the parties from bringing a subsequent action based upon the matter that was compromised. LSA-C.C. art. 3080. A compromise may be rescinded for error, fraud, and other grounds for the annulment of contracts.[3] Nevertheless, a compromise cannot be rescinded on grounds of error of law or lesion. LSA-C.C. art. 3082.
The defense that a suit is barred by a valid written compromise may be raised by an exception of res judicata and tried separately in advance of trial on the merits. The plaintiffs against whose action the exception is directed may introduce evidence of a defense to the compromise agreement without the necessity of filing replicatory pleadings or a prior independent action to annul the compromise. Smith v. Leger, 439 So.2d 1203, 1205 (La. App. 1st Cir. 1983). Moreover, a motion for summary judgment can be granted based on a finding of res judicata when there is no genuine issue as to any material fact. Brown v. Drillers, Inc., 630 So.2d 741, 747, n. 7 (La. 1994).
An appellate court reviews a trial court's decision to grant a motion for summary judgment de novo , using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hospital, Inc., 93-2512 (La. 7/5/94), 639 So.2d 730, 750. While summary judgments are now favored, a motion for summary judgment shall be granted only if the motion, memorandum, and supporting documents show that there is no genuine issue as to a material fact, and that the mover is *1026 entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3).
Here, in opposition to the defendant's motion for summary judgment, the Charleses submitted, inter alia , Moore's May 2, 2013 affidavit, signed prior to the execution of the release and settlement agreement, wherein Moore stated that he "had no other liability insurance ... which would provide insurance benefits to Russell Charles for damages sustained as a result of the collision" and, further "[t]hat [he] was not in the course and scope of any employment, nor ... on a mission for any party at the time of the accident[.]" (Emphasis added.) The Charleses also submitted excerpts from Moore's November 20, 2013 deposition, wherein Moore stated that at the time of the accident, he was returning from a purely personal trip to Montgomery, Alabama, to see his elderly aunt, and a subsequent conflicting email from Moore's attorney, stating that after Moore reviewed records produced in response to a request for production of documents, he "realized" that he was in Mobile, Alabama, not Montgomery, Alabama, and that he made the trip to Mobile for Moore Leasing for the purpose of locating rollback trucks in connection with a contract for the U.S. Army Corps of Engineers.
This evidence undisputedly establishes that Moore originally stated that he was not in the course and scope of employment of anyone at the time of the accident, when in fact, by his own admission, he was within the course and scope of his employment for Moore Leasing. The Charleses contend that they executed the release and settlement agreement based upon Moore's statement regarding his scope and course of employment, only for Moore to change his testimony after the release was signed. The Charleses argue that, therefore, summary judgment was inappropriate as Moore's misleading statements were ostensibly fraudulent and issues of material fact remain as to his intent in making these false statements and the extent upon which the Charleses relied upon these statements in signing the release and settlement agreement. They essentially argue that the evidence presented casts doubt on Moore's credibility and precludes the granting of summary judgment in the defendants' favor.
As the Charleses note, fraud need only be proved by a preponderance of the evidence and may be established by circumstantial evidence. LSA-C.C. art. 1957 ; Wade v. Marine Services of Acadiana, LLC, 2008-2144 (La. App. 1st Cir. 8/6/09), 2009 WL 2413663 at *3 (unpublished opinion), writ denied, 09-2833 (La. 3/5/10), 28 So.3d 1011, cert. denied, 562 U.S. 868, 131 S.Ct. 163, 178 L.Ed.2d 97 (2010). Circumstantial evidence, including highly suspicious facts and circumstances surrounding a transaction, may be considered in determining whether fraud has been committed. Ackel v. Ackel, 2005-2230 (La. App. 1st Cir. 6/20/07), 2007 WL 1765561 at *8 (unpublished opinion). Applying these precepts, we agree that Moore's changing and inconsistent statements regarding the crucial issue of whether and on whose behalf he was acting at the time of the accident and whether he was in the course and scope of his employment constitutes evidence from which fraud or error could be inferred. Cf. Florida Parishes Juvenile Justice Commission by and on behalf of the Florida Parishes Juvenile Justice Dist. v. Hannis T. Bourgeois, L.L.P., 2015-1287 (La. App. 1st Cir. 9/27/16), 2016 WL 5402110 at *6 (unpublished opinion).
Moore's intent and motive in making conflicting statements as to the course and scope of his employment and his knowledge as to being within course and scope of his employment (of any of his respective companies) at the time of the *1027 accident are the crux of the Charleses' fraud and error claim as to the validity of the compromise and release agreement. Summary judgment is seldom appropriate for determinations based on subjective facts of intent, motive, malice, good faith, or knowledge. Jones v. Estate of Santiago, 2003-1424 (La. 4/14/04), 870 So.2d 1002, 1006. Accordingly, "[t]here are simply too many genuine issues of subjective intent and motive raised by the unique and unconventional circumstances [of this case] for summary judgment to be appropriate here." Ackel, 2007 WL 1765561 at *12. Although the evidence put forth by the Charleses may be insufficient proof of error or fraud at trial on the merits, it is sufficient to defeat summary judgment.
In sum, we agree with the Charleses that Moore's differing explanations of his whereabouts places his credibility at issue and renders suspect any explanation he may now offer as to where he was, what he was doing, and for whom he was conducting business before the accident. At a minimum, they raise genuine issues of material fact as to whether true and correct information was withheld from the Charleses when the release was obtained. For these reasons, we find that the trial court erred in granting summary judgment and dismissing the Charleses's claims against these defendants with prejudice on the basis of the May 9, 2013 release and compromise agreement.[4]
CONCLUSION
For the above and foregoing reasons, the September 14, 2016 judgment of the trial court, granting summary judgment in favor of the defendants and dismissing the claims of Russell Charles and Consandra Charles with prejudice, is hereby reversed. Costs of this appeal are assessed against defendants, Moore Petroleum, Power Petroleum, and National Fire.
REVERSED.

In consideration of the receipt of $100,000.00, the Charleses also settled with their uninsured/underinsured motorist insurer.

Plaintiffs voluntarily dismissed all claims against Moore Properties on May 13, 2014.

A party should not be precluded by the language of a compromise agreement from pursuing allegations of fraud unknown at the time of the signing of the agreement. Rumore v. Wamstad, 99-557 (La. App. 5th Cir. 2/8/00), 751 So.2d 452, 455-456.

Accordingly, we pretermit discussion of the Charleses' remaining assignment of error related to the timeliness of the motion for summary judgment and the admissibility of the affidavits submitted by the defendants in support of the motion for summary judgment.