MELINDA HATZGIONIDIS

VERSUS

DG LOUISIANA, LLC AND XYZ INSURANCE
COMPANY

NO. 24-CA-224

FIFTH CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

ON APPEAL FROM THE TWENTY-FOURTH JUDICIAL DISTRICT COURT
PARISH OF JEFFERSON, STATE OF LOUISIANA
NO. 838-312, DIVISION "A"
HONORABLE RAYMOND S. STEIB, JR., JUDGE PRESIDING

November 27, 2024

**MARC E. JOHNSON**
**JUDGE**

Panel composed of Judges Susan M. Chehardy,
Jude G. Gravois, and Marc E. Johnson

**REVERSED**
    **MEJ**
    **SMC**
    **JGG**

FIFTH CIRCUIT COURT OF APPEAL
A TRUE COPY OF DOCUMENTS AS
SAME APPEARS IN OUR RECORDS

Jalisa Walker
Deputy, Clerk of Court

COUNSEL FOR PLAINTIFF/APPELLANT,
MELINDA HATZGIONIDIS
     Cesar R. Burgos
     Robert J. Daigre
     George M. McGregor
     Leila M. Bonilla
     William R. Penton, III

COUNSEL FOR DEFENDANT/APPELLEE,
DG LOUISIANA, LLC
     Trevor C. Davies
     Shannon O. Harrison
     Michael L. Ballero

**JOHNSON, J.**

Appellant/Plaintiff, Melinda Hatzgiondis, appeals the 24th Judicial District Court's February 6, 2024 judgment granting Appellee/Defendant's, DG Louisiana, LLC ("DG Louisiana"), motion for summary judgment. For the following reasons, we reverse the trial court's judgment and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY

On March 6, 2022, Plaintiff went to the Dollar General store located on Behrman Highway in Jefferson Parish to purchase cleaning supplies. She stood on the lower shelf to reach up to a shelf above her head to get a spray bottle of "DG Home Cleaner with Beach." After Plaintiff grabbed the bottle, the bottle leaked fluid onto Plaintiff's eyes, face, and clothes. According to Plaintiff, she thought that the container was in good condition and it appeared to be full, but the bottle was "broken at the top," though the top was firmly screwed on. Her daughter and her daughter's boyfriend took pictures of the bottle and the area where the incident occurred.

Plaintiff testified that she became disoriented after the cleaner spilled on her face and clothes. She then dropped the bottle into the shopping basket she was using, or onto the floor.

In March 2023, Plaintiff timely filed a petition for damages against DG Louisiana, LLC and its then unknown insurer, alleging that DG Louisiana "knew, or, in the exercise or reasonable care, should have known, that the cap on the bottle was broken and/or defective and therefore presented an unreasonably dangerous condition." She alleged that she sustained damages in excess of $10,000 and reserved her right to a trial by jury.

A month later, DG Louisiana filed an answer with jury demand, denied all of Plaintiff's allegations, and averred that it is self-insured with limits far in excess of

24-CA-224                                                                 1

Plaintiff's claims. Further, DG Louisiana countered that the accident was caused solely and proximately by the fault and/or negligence of Plaintiff, as she failed to exercise reasonable care and caution under the circumstances and failed to observe an open and obvious condition. DG Louisiana also averred that the incident was caused by a person or persons over which it has no legal responsibility or control, Plaintiff failed to mitigate her damages, and Plaintiff's injuries were pre-existing and completely unrelated to the alleged accident.

DG Louisiana filed a motion for summary judgment in October 2023 and attached Plaintiff's petition and the depositions of Plaintiff and her daughter, Alexis W. Hatzgionidis, to it. DG Louisiana argued that, because Plaintiff could not satisfy the elements of proof required to sustain a claim against Defendant under La. R.S. 9:2800.6, it was entitled to summary judgment in its favor as a matter of law.[1]

Plaintiff filed a memorandum in opposition and attached to it the pictures her daughter and her daughter's boyfriend took after the accident. Plaintiff argued that La. R.S. 9:2800.6 applies to slip and fall or falling merchandise cases, but it does not apply in this case, because the accident was caused by a broken bottle that was manufactured and sold by Dollar General. Plaintiff alleged that DG Louisiana committed negligence by offering the defective bottle for sale, and the case sounds in products liability law under the Louisiana Products Liability Act ("LPLA"), negligence ("simple duty/risk analysis"), and redhibition, citing *Burke v. Safeway Stores, Inc.*, 554 So.2d 184 (La. App. 2d Cir. 1989).

At the hearing on the motion for summary judgment, Plaintiff argued that she was "still not quite ready," and she recently propounded discovery regarding

---

[1] Noteworthy is the fact that DG Louisiana's motion for summary judgment only asserted that "Plaintiff cannot satisfy the elements of proof required to sustain a claim against Defendant for falling merchandise under La. R.S. 9:2800.6, the Louisiana Merchant Liability Statute," and did not seek summary judgment on any other claims Plaintiff may have validly asserted in her petition for damages.

the manufacture and possible claims under the LPLA on summary judgment. She also argued that she needed additional time for discovery with regard to the alternate theories of liability. DG Louisiana responded that all of Plaintiff's photographs were taken after the bottle hit the floor, and she had no evidence to support her allegation that the bottle was defective when it left the warehouse, as required by the LPLA, or to support her claims under theories of negligence or premises liability (falling merchandise). Further, it distinguished *Burke*, *supra*, as a case where the exploding bottle of ginger ale was proof of a redhibitory defect because the top was on the bottle of ginger ale when it exploded. In this case, DG Louisiana maintained that the bottle top was either loosened or broken prior to Plaintiff reaching to retrieve it from the top shelf.

At the end of the hearing, the court agreed with DG Louisiana and found that the cause-in-fact of the accident was Plaintiff "not requesting help and pulling the bottle down without knowing if the cap was broken or not." The court granted summary judgment in favor of DG Louisiana and dismissed Plaintiff's claims against all parties with prejudice. This timely appeal followed.

### *ASSIGNMENTS OF ERROR*

Plaintiff argues that the trial court erred when it dismissed her case based on the defense's argument that La R.S. 9:2800.6 regarding "falling merchandise" does not apply in this case because she also presented three alternative theories of recovery. She further urges that DG Louisiana caused the accident by placing a broken bottle of cleaner for sale in its store, and her claims remain viable under the LPLA, redhibition statutes, and general negligence law.

DG Louisiana counters that the court did not err in applying the falling merchandise law in this case, as Plaintiff caused the bottle and its contents to fall, along with her subsequent injuries. Further, DG Louisiana maintains that Plaintiff's claims still fail under other theories of liability. It asserts that under the

LPLA and redhibition law, Plaintiff must provide evidence of either a manufacturing defect or a defect that existed at the time it left the manufacturer's control. It also points out that under a general duty-risk analysis, Plaintiff cannot prove that substandard conduct by DG Louisiana, as opposed to the actions of another patron, caused her injuries, or that DG Louisiana had actual or constructive knowledge of the defect. DG Louisiana contends that, no matter the theory of liability, Plaintiff "lacks critical evidence" to prove her case.

## LAW AND DISCUSSION

The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action and is favored. La. C.C.P. art. 966(A)(2). Appellate courts review summary judgments *de novo* under the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. *Caminita for & on Behalf of Caminita v. Roman Cath. Church of Archdiocese of New Orleans*, 20-54 (La. App. 5 Cir. 7/8/20), 299 So.3d 1269, 1271. The initial burden of proof is with the mover to show that no genuine issue of material fact exists. If the moving party will not bear the burden of proof at trial, the moving party must only point out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. *Romero v. Wal-Mart, Inc.*, 23-518 (La. App. 5 Cir. 5/29/24), 388 So.3d 1269, 1272, *writ denied*, 24-00844 (La. 10/15/24). Whether a particular fact in dispute is material for purposes of summary judgment can only be determined in light of the substantive law applicable to the case. *Caminita*, 299 So.3d at 1272.

A motion for summary judgment "shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966(A)(3). "[I]f the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's

burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." La. C.C.P. art. 966(D)(1). "The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law." *Thi Ngo v. Walmart Inc.*, 20-71 (La. App. 5 Cir. 10/5/20), 304 So.3d 593, 594, *writ denied*, 20-01279 (La. 1/12/21), 308 So.3d 709.

A defendant's motion for summary judgment may be filed at any time after the answer has been filed. La. C.C.P. art. 966(A)(1). The trial court has the discretion to render summary judgment, if appropriate, or to allow further discovery. *Musa v. Litton-Avondale Indus., Inc.*, 10-627 (La. App. 5 Cir. 3/29/11), 63 So.3d 243, 251, *writ denied*, 11-1256 (La. 9/23/11), 69 So.3d 1163. However, there is no absolute right to delay action on a motion for summary judgment until discovery is complete. *Id.*

Whether a claim arises in negligence under La. C.C. art. 2315 or in premises liability [falling merchandise] under La. C.C. art. 2317.1, the traditional duty/risk analysis is the same. *Farrell v. Circle K Stores, Inc.*, 22-00849 (La. 3/17/23), 359 So.3d 467, 473. And now, with La. C.C. art. 2317.1's requirement of actual or constructive knowledge of a defect, the result under either should be the same. *Id.*

Plaintiff argues that, in her petition she pled, and in her deposition she testified, to sufficient facts to allege she suffered compensable damages under alternate theories of liability. We agree. It is well-established that Louisiana is a fact pleading state. La. C.C.P. art. 862; *Brown v. RLC Trucking LLC*, 24-431 (La. App. 5 Cir. 9/20/24), 2024 WL 4249454 at *3. The party must set forth facts supporting the cause of action, but is not required to assert all theories of recovery.

*Id.* As long as the facts constituting a claim are alleged, the party may be granted any relief to which he is entitled under the pleadings and the evidence. *Id.*

In the instant case, Plaintiff avers that she reached up for a bottle of DG Home Cleaner with Bleach from a shelf above her head and was startled by the falling liquid that splashed onto her face and clothes, and got into her eyes. Plaintiff testified that, from her vantage point, she had no reason to suspect that the structure of the bottle was compromised. Plaintiff has presented testimony and pictures that are competent evidence to establish that bleach spilled onto her before the bottle hit the shopping cart or the floor. The store maintains that another customer dropped the bottle and that is why the lid allowed cleaner to escape, but Plaintiff argues that the spray bottle may have been defective as defined by the LPLA, La. R.S. 9:2800.51, *et seq*.

Further, the trial judge chose to credit DG Louisiana's estimation of why the bleach cleaner container spilled onto Plaintiff, but at the summary judgment stage, the Court "must draw those inferences from the *undisputed facts* which are most favorable to the party opposing the motion." *Islam v. Walmart, Inc.*, 21-629 (La. App. 5 Cir. 6/8/22), 343 So.3d 883, 891, *writ denied*, 22-01053 (La. 10/12/22), 348 So.3d 70, *citing Indep. Fire Ins. Co. v. Sunbeam Corp.*, 99-2181 (La. 2/29/00), 755 So.2d 226, 235-36. Although inference of the existence of a vice or defect in a product is not allowed merely on the basis of the fact that an accident occurs, a review of the jurisprudence shows that, in product liability cases, both plaintiffs and defendants may choose to use expert witnesses, depending on the characteristics of the allegedly defective product and their burdens of proof, to establish the presence of such a vice or defect. *See Muller v. Carrier Corp.*, 07-770 (La. App. 5 Cir. 4/15/08), 984 So.2d 883, 885-86, 886-87. Whether the bottle was defective when it left the manufacturer or whether another person was responsible

for compromising the integrity of the bottle once it reached the store are genuine issues of material fact at this point in the litigation.

Furthermore, the parties must be able to conduct "adequate discovery" and be given a fair opportunity to present their claims. La. C.C.P. art. 966(A)(3); *Hill v. Hobby Lobby Stores, Inc.*, 19-89 (La. App. 5 Cir. 10/2/19), 282 So.3d 333, 336. An inspection of the record shows that the district court did not set discovery deadlines or a trial date for this matter. DG Louisiana filed the motion for summary judgment seven months after the petition was filed. Less than a year transpired between the filing of the petition and the grant of summary judgment. Therefore, we find that the district court abused its discretion in granting summary judgment in favor of DG Louisiana at this stage of the litigation without allowing Plaintiff time to conduct additional discovery. *See Simon v. Belaire*, 11-442 (La. App. 3 Cir. 10/5/11), 74 So.3d 1250, 1252, *writ denied,* 11-2454 (La. 2/3/12), 79 So.3d 1027 (finding summary judgment granted before expiration of discovery deadlines was granted prematurely).

### *DECREE*

Considering the foregoing, on *de novo* review, we find the district court erred in granting summary judgment in favor of DG Louisiana and dismissing Plaintiff's petition at this time. The judgment of the district court is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**REVERSED**

SUSAN M. CHEHARDY
CHIEF JUDGE

FREDERICKA H. WICKER
JUDE G. GRAVOIS
MARC E. JOHNSON
STEPHEN J. WINDHORST
JOHN J. MOLAISON, JR.
SCOTT U. SCHLEGEL
TIMOTHY S. MARCEL

JUDGES



FIFTH CIRCUIT

101 DERBIGNY STREET (70053)

POST OFFICE BOX 489

GRETNA, LOUISIANA 70054

www.fifthcircuit.org

CURTIS B. PURSELL
CLERK OF COURT

SUSAN S. BUCHHOLZ
CHIEF DEPUTY CLERK

LINDA M. WISEMAN
FIRST DEPUTY CLERK

MELISSA C. LEDET
DIRECTOR OF CENTRAL STAFF

(504) 376-1400
(504) 376-1498 FAX

## NOTICE OF JUDGMENT AND CERTIFICATE OF DELIVERY

I CERTIFY THAT A COPY OF THE OPINION IN THE BELOW-NUMBERED MATTER HAS BEEN DELIVERED IN ACCORDANCE WITH **UNIFORM RULES - COURT OF APPEAL, RULE 2-16.4 AND 2-16.5** THIS DAY **NOVEMBER 27, 2024** TO THE TRIAL JUDGE, CLERK OF COURT, COUNSEL OF RECORD AND ALL PARTIES NOT REPRESENTED BY COUNSEL, AS LISTED BELOW:

**CURTIS B. PURSELL**
CLERK OF COURT

## 24-CA-224

### E-NOTIFIED

24TH JUDICIAL DISTRICT COURT (CLERK)
HON. RAYMOND S. STEIB, JR. (DISTRICT JUDGE)
GEORGE M. MCGREGOR (APPELLANT)          ROBERT J. DAIGRE (APPELLANT)          WILLIAM R. PENTON, III (APPELLANT)
SHANNON O. HARRISON (APPELLEE)          TREVOR C. DAVIES (APPELLEE)

### MAILED

MICHAEL L. BALLERO (APPELLEE)          CESAR R. BURGOS (APPELLANT)
ATTORNEY AT LAW                         LEILA M. BONILLA (APPELLANT)
1340 POYDRAS STREET                     ATTORNEYS AT LAW
SUITE 2000                              3535 CANAL STREET
NEW ORLEANS, LA 70112                   SUITE 200
                                        NEW ORLEANS, LA 70119