STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

13-1402


ROBERT CHASTANT, MICHELE
CHASTANT STARK AND MEGAN
DUVAL-CHASTANT QUALLS

VERSUS

LAURIE FUTRAL CHASTANT


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, DOCKET NO. 119347-E
HONORABLE KEITH R. J. COMEAUX, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Elizabeth A. Pickett, James T. Genovese, and Shannon J. Gremillion, Judges.

REVERSED AND REMANDED.


James L. Daniels
110 E. Kaliste Saloom Road, Suite 210
Lafayette, Louisiana 70508
(337) 706-8931
COUNSEL FOR PLAINTIFFS/APPELLANTS:
    Robert Chastant, Michele Chastant Stark,
    and Megan Duval-Chastant Qualls

**Steven G. Durio**
**Daniel J. Phillips**
**Durio, McGoffin, Stagg & Ackermann**
**220 Heymann Boulevard**
**Post Office Box 51308**
**Lafayette, Louisiana 70505**
**(337) 233-0300**
**COUNSEL FOR DEFENDANT/APPELLEE:**
  **Laurie Futral Chastant**

**GENOVESE, Judge.**

Plaintiffs, Robert Chastant, Michele Chastant Stark, and Megan Duval-Chastant Qualls, filed a survival and wrongful death suit against Defendant, Laurie Futral Chastant (Laurie). Laurie filed a Motion for Summary Judgment. The trial court granted Laurie's Motion for Summary Judgment and dismissed Plaintiffs' claims with prejudice. Plaintiffs have appealed. For the following reasons, we reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On December 13, 2010, Robert Brown Chastant, M.D. (Dr. Chastant) was murdered by Ismael Viera-Tovar.[1] Plaintiffs are three of Dr. Chastant's children from prior marriages. Laurie was married to Dr. Chastant at the time of his death and was the primary death beneficiary under his retirement plans and life insurance policies.

Initially, litigation was filed in March 2011, wherein Laurie sued the companies who administered Dr. Chastant's retirement plans and life insurance policies to obtain the proceeds. Due to the existence of diversity jurisdiction, Laurie's lawsuit was removed to the United States District Court for the Western District of Louisiana. In July 2011, Laurie filed a Second Amended and Restated Complaint naming Dr. Chastant's brother, Paul T. Chastant, II (Paul), as a defendant in his capacity as Trustee of the Robert Brown Chastant Testamentary Trust.[2] The companies who administered Dr. Chastant's retirement plans and life insurance policies, joined by Paul, challenged Laurie's worthiness to receive the

---

[1]Ismael Viera-Tovar pled guilty as charged to second degree murder on June 14, 2011.

[2]The record also contains Paul's Answer to Counterclaim and Third Party Demand filed by Lincoln National Life Insurance Company wherein Paul appears in his capacity as Independent Executor of the Estate of Robert B. Chastant.

proceeds under his policies based upon allegations that Laurie was a co-conspirator in Dr. Chastant's murder.

Laurie's federal lawsuit concluded with a jury trial in May 2012, wherein the jury ruled in her favor. Specifically, the jury answered "NO" to the jury verdict question: "Do you find, from a preponderance of the evidence, that Laurie Ann Futral Chastant participated in the intentional, unjustified killing of her husband, Robert Brown Chastant[?]"[3]

The present matter was filed by Plaintiffs on September 6, 2011, asserting survival[4] and wrongful death[5] claims against Laurie. Plaintiffs' Petition for

---

[3]Judgment Upon Jury Verdict was signed on June 19, 2012.

[4]A survival action is authorized by La.Civ.Code art. 2315.1, which provides, in pertinent part:

> A. If a person who has been injured by an offense or quasi offense dies, the right to recover all damages for injury to that person, his property or otherwise, caused by the offense or quasi offense, shall survive for a period of one year from the death of the deceased in favor of:
>
> > (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> > . . . .
>
> B. In addition, the right to recover all damages for injury to the deceased, his property or otherwise, caused by the offense or quasi offense, may be urged by the deceased's succession representative in the absence of any class of beneficiary set out in Paragraph A.

[5]An action for wrongful death is authorized by La.Civ.Code art. 2315.2, which provides, in pertinent part:

> A. If a person dies due to the fault of another, suit may be brought by the following persons to recover damages which they sustained as a result of the death:
>
> > (1) The surviving spouse and child or children of the deceased, or either the spouse or the child or children.
>
> > . . . .
>
> B. The right of action granted by this Article prescribes one year from the death of the deceased.

Damages alleged that Laurie "enticed Ismael Viera to commit the said act of murder by offering Ismael Viera a sum of money to kill her husband and, thereafter, upon information and belief, the defendant [Laurie] participated with Ismael Viera in attempting to cover up the crime." Plaintiffs urged that the cause of Dr. Chastant's death "and the resulting damages was a [sic] gross and wanton negligence, carelessness and/or intentional acts of the defendant [Laurie] and Ismael Viera in conspiring to and carrying out the murder[.]" Plaintiffs sought damages, claiming that Laurie was "liable for the acts of Ismael Viera inasmuch as she conspired with him for the purpose of murdering her husband, Robert Brown Chastant, and/or, alternatively, under the *doctrine of respondent* [sic] *superior*." Finally, Plaintiffs argued that Laurie's actions made her "unfit to receive bequests made to her by the decedent, Robert Brown Chastant, in his Last Will and Testament, and in addition, she is unfit to receive the proceeds of any life insurance, defined benefit and/or profit sharing plan to which she may have been named a beneficiary."

In January 2013, Laurie filed a Motion for Summary Judgment, asserting that Plaintiffs are barred by the doctrine of collateral estoppel from relitigating the issue of whether she participated in the murder of Dr. Chastant. Laurie averred that in order for Plaintiffs to maintain their survival and wrongful death claims, they must demonstrate her participation in Dr. Chastant's murder. Laurie further claimed that Plaintiffs, through Paul's defense in the federal court action, have already litigated the issue of whether Laurie participated in Dr. Chastant's murder. Laurie argued that because she was found by the jury in her federal court action of

---

C. The right of action granted under this Article is heritable, but the inheritance of it neither interrupts nor prolongs the prescriptive period defined in this Article.

not having participated in the murder of Dr. Chastant, the doctrine of collateral estoppel bars any relitigation of this issue via Plaintiffs' survival and wrongful death claims in state court.

Plaintiffs opposed Laurie's motion denying that Paul represented their interests in Laurie's federal court action. Plaintiffs submitted Paul's affidavit corroborating their contention. Plaintiffs further argued that only they can institute survival and wrongful death actions against Laurie and that the issues relative to these causes of action, including the issue of comparative negligence, were not litigated. Finally, Plaintiffs asserted that there was no diversity jurisdiction in federal court over their claims because Louisiana is the domicile of Laurie and Plaintiff, Michele Chastant Stark.

A hearing on Laurie's Motion for Summary Judgment was held on May 29, 2013, after which the trial court took the matter under advisement. On July 23, 2013, the trial court issued Reasons for Judgment wherein it ruled in favor of Laurie declaring that, "because Laurie has already been found by a court of competent jurisdiction not to have participated in the murder of her husband, the doctrine of collateral estoppel precludes the re-litigation of this issue." The trial court granted summary judgment and dismissed, with prejudice, the claims of Plaintiffs. Judgment to this effect was signed on August 14, 2013, and Plaintiffs have appealed.

On appeal, Plaintiffs contend that the trial court erred in ruling that collateral estoppel applies in granting Laurie's Motion for Summary Judgment and in dismissing their survival and wrongful death claims. Plaintiffs assert that the necessary element of privity did not exist between them and Paul during his defense of Laurie's federal lawsuit. Plaintiffs argue that only they, not Paul, have

4

the right to institute survival and wrongful death claims and, further, without diversity, the federal court could not have exercised jurisdiction over their claims.

Laurie maintains that Paul represented Plaintiffs' interests in the federal court action; therefore, privity existed between Paul and Plaintiffs. Laurie asserts that the federal court action addressed the issue of whether she participated in Dr. Chastant's murder, that the federal jury considered the same issue, and that a judgment in her favor occurred as a result thereby. Therefore, Laurie argues that collateral estoppel applies and that the trial court properly granted her Motion for Summary Judgment.

## LAW AND DISCUSSION

We are called upon to determine if the trial court erred in granting Laurie's Motion for Summary Judgment. In the case of *Jagneaux v. Frohn*, 11-461, pp. 2-3 (La.App. 3 Cir. 10/5/11), 74 So.3d 309, 310-11, this court discussed the standard of review and the law applicable to motions for summary judgment as follows:

> Our Louisiana Supreme Court has instructed us on the standard of review relative to a motion for summary judgment as follows:
>
>> A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. *Duncan v. U.S.A.A. Ins. Co.*, [06-363 (La.11/29/06)], 950 So.2d 544, [*see* La.Code Civ.P.] art. 966. A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; *i.e.* whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. *Wright v. Louisiana Power & Light*, [06-1181 (La.3/9/07)], 951 So.2d 1058[]; *King v. Parish National Bank*, [04-337 (La.10/19/04)], 885 So.2d 540, 545; *Jones v. Estate of Santiago*, [03-1424 (La.4/14/04)], 870 So.2d 1002[.]

*Samaha v. Rau*, 07-1726, pp. 3-4 (La.2/26/08), 977 So.2d 880, 882-83 (footnote omitted). Louisiana Code of Civil Procedure Article 966(C)(2) provides:

> The burden of proof remains with the movant. However, if the movant will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact.

*Gabriel v. Louisiana Organ Procurement Agency*, 10-251, p. 5 (La.App. 3 Cir. 10/6/10), 48 So.3d 1192, 1195, *writ denied*, 10-2515 (La.1/7/11), 52 So.3d 887.

Our supreme court has further instructed us as follows:

> A "genuine issue" is a "triable issue." *Toups v. Hawkins*, 518 So.2d 1077, 1079 (La.App. 5th Cir.1987) (citing *Brown* [*v. B & G Crane Service, Inc.*, 172 So.2d 708, 710 (La.App. 4 Cir.1965)]). More precisely, "[a]n issue is genuine if reasonable persons could disagree. If on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. Summary judgment is the means for disposing of such meretricious disputes." W. Schwarzer, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 481 (1983). In determining whether an issue is "genuine," courts cannot consider the merits, make credibility determinations, evaluate testimony or weigh evidence. *Simon v. Fasig-Tipton Co. of New York*, 524 So.2d 788, 791 (La.App. 3d Cir.), *writs denied*, 525 So.2d 1048, 1049 (La.1988); *Pace v. Zilka*, 484 So.2d 771 (La.App. 1st Cir.), *writ denied*, 488 So.2d 691 (La.1986); *Mecom v. Mobil Oil Corp.*, 299 So.2d 380, 386 (La.App. 3d Cir.), *writ denied*, 302 So.2d 308 (La.1974). "Formal allegations without substance should be closely scrutinized to determine if they truly do reveal genuine issues of fact." *Brown*, 172 So.2d at 710; *Sally Beauty Co. v. Barney*, 442 So.2d 820, 822 (La.App. 4th Cir.1983).

> A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the applicable theory of recovery. *Penalber v. Blount*, 550 So.2d 577, 583 (La.1989). "[F]acts are material if they potentially insure or preclude recovery, affect a litigant's ultimate success, or determine the outcome of the legal dispute." *South Louisiana Bank v. Williams*, 591 So.2d 375, 377 (La.App. 3d Cir.1991), *writs denied*, 596 So.2d 211 (La.1992). Simply put, a "material" fact is one that would matter on the trial on the merits. Any doubt as to a dispute regarding a material issue of fact must be resolved against granting the motion and in favor of a trial on the merits. *Sassone v. Elder*, 626 So.2d 345, 352 (La.1993); *Industrial Sand and Abrasives, Inc. v. Louisville and Nashville Railroad Co.*, 427 So.2d 1152, 1153-54 (La.1983) (collecting cases); *McCoy v. Physicians & Surgeons Hospital, Inc.*, 452 So.2d 308, 310 (La.App. 2d Cir.), *writ denied*, 457 So.2d 1194 (La.1984) (noting that "[s]ummary judgment may not be used as a substitute for trial").

*Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512, p. 27 (La.7/5/94), 639 So.2d 730, 751.

The jurisprudence pertinent to our treatment of the judgment rendered in federal court was set forth by this court in *Barnett v. Nichols*, 01-1626, p. 4 (La.App. 3 Cir. 7/3/02), 824 So.2d 485, 488, *writ denied*, 02-2143 (La. 11/15/02), 829 So.2d 426, as follows:

> When a state court is required to determine the preclusive effects of a judgment rendered by a federal court exercising federal question jurisdiction, the state court must apply the federal law of res judicata. *McDonald v. Cason*, 01-0932 (La.App. 3 Cir. 12/12/01); 801 So.2d 1255 *citing Reeder v. Succession of Palmer*, 623 So.2d 1268 (La.1993); *McCollough v. Dauzat*, 98-1293 (La.App. 3 Cir. 3/3/99); 736 So.2d 914. The doctrine of res judicata is to be interpreted *strict juris*; thus, any doubt concerning application of the principal of res judicata must be resolved against its application. *Beaucoudray v. Brumfield*, 93-1142 (La.2/25/94); 633 So.2d 1210.

This court in *McCollough*, 736 So.2d at 916, further explained the operation of collateral estoppel, a subset of res judicata, as follows:

> The federal common law on res judicata, issue preclusion or collateral estoppel operates to bar one convicted in a criminal

7

proceeding from re-litigating "questions distinctly put in issue and directly determined" in the criminal prosecution. *Emich Motors Corp. v. General Motors Corp.*, 340 U.S. 558, 569, 71 S.Ct. 408, 414, 95 L.Ed. 534 (1951). For some time the effect of this preclusion was mitigated by allowing the concept of "mutuality" to limit the effect to situations where the parties were the same or in privity to one of the original parties. However, mutuality of estoppel is no longer required in cases in which collateral estoppel is sought based on a prior civil judgment. *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). *Blonder-Tongue v. University of Illinois Found.*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971). Likewise, the requirement has been eliminated where collateral estoppel is sought based on a prior criminal conviction. *Emich Motors Corp.*, 340 U.S. 558, 71 S.Ct. 408, 95 L.Ed. 534; *See also U.S. v. Frank* 494 F.2d 145 (2d Cir.), *cert denied*, 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974); *Cardillo v. Zyla*, 486 F.2d 473 (1st Cir.1973). What is required is that the party against whom the plea of estoppel is asserted must have been a party or in privity to a party to the prior adjudication. *Blonder-Tongue*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788; *Cardillo*, 486 F.2d 473.

In the present case, whether the prerequisite that Plaintiffs were "a party or in privity to a party to the prior adjudication" is a material fact that must be determined.

While complete identity of all parties is not required, the party against whom the collateral estoppel would be applied generally must either have been a party, or privy to a party, in the prior litigation. *See Terrell v. DeConna.*, 877 F.2d 1267, 1270 (5th Cir.1989).

. . . .

. . . Privity is a "legal conclusion that the relationship between the one who is a party on the record and the non-party is sufficiently close to afford application of the principle of preclusion." *Southwest Airlines Co. v. Tex. Int'l Airlines*, 546 F.2d 84, 95 (5th Cir.1977). Federal courts have consistently held that a non-party to an action is still bound by and entitled to the benefits of a judgment as though it were a party if it was represented in the original action. *See Meza v. Gen. Battery Corp.*, 908 F.2d 1262, 1266-67 (5th Cir.1990).

*Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 705-06 (5th Cir. 2005), *cert. denied*, 546 U.S. 1089, 126 S.Ct. 1019 (2006).

Plaintiffs' contentions that: (1) they were not privy to Paul, (2) they had no control over Paul's defense, and, (3) Paul told Plaintiffs that he did not and could not represent them in Laurie's federal lawsuit is corroborated by Paul. Plaintiffs offered Paul's affidavit in opposition to Laurie's Motion for Summary Judgment. Laurie refutes Plaintiffs' evidence with mere argument. Pertinent hereto is the fact that the matter before us is a motion for summary judgment and not a trial on the merits. Therefore, based upon our review of the record, we find a genuine issue of material fact exists relative to the collateral estoppel requirement of privity, i.e., whether Paul's relationship to Plaintiffs was sufficient to establish privity, and that the trial court erred in granting summary judgment in favor of Laurie.

### DECREE

For the foregoing reasons, the August 14, 2013 judgment of the trial court granting summary judgment in favor of Laurie Futral Chastant is reversed, and we remand this matter for further proceedings. Costs of this appeal are assessed against Defendant/Appellee, Laurie Futral Chastant.

**REVERSED AND REMANDED.**