STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0806

IN THE MATTER OF THE SUCCESSION OF WAYNE EDMOND BREEN

*consolidated with*

NUMBER 2021 CA 0807

DOCTORS FOR WOMEN MEDICAL CENTER, L.L.C., CRAIG M.
LANDWEHR, M.D., L.L.C., AND CRAIG M. LANDWEHR, M.D., IN HIS
CAPACITY AS A TRUSTEE OF THE DOCTORS FOR WOMEN MEDICAL
CENTER, L.L.C. PROFIT SHARING PLAN & TRUST

VERSUS

PATRICK VERNON BREEN, RYAN MICHAEL BREEN, DEVIN THOMAS
BREEN, BRIDGET BREEN DUNBAR, SEAN MICHAEL BREEN, KACIE
BREEN, INDIVIDUALLY AND IN HER CAPACITY AS TUTOR OF THE
MINOR CHILD A.B., HUB INTERNATIONAL GULF SOUTH LIMITED, A
DIVISION OF HUB INTERNATIONAL MIDWEST LIMITED, MERRILL
LYNCH, FENNER & SMITH, INC., AND WAYNE E. BREEN, M.D., LLC

**Judgment Rendered:** JUL 1 1 2023

* * * * * *

Appealed from the
Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Suit Number 2015-30176 c/w 2015-12925

Honorable William H. Burris, Judge Presiding

* * * * * *

Richard Ducote
Covington, Louisiana

Counsel for Defendant/Appellee
Kacie M. Breen

Antonio Le Mon
Covington, Louisiana

Counsel for Defendant/Appellant
Aaron Dylan Knapp

Sean Michael Breen
Mandeville, Louisiana

Defendant/Appellee
Self-represented Litigant

J. Craig Diamond
Covington, Louisiana

Counsel for Defendants/Appellees
Bridget Breen Dunbar, Ryan Breen,
Patrick Breen, and Devin Breen

Darryl T. Landwehr
New Orleans, Louisiana

Counsel for Plaintiff/Appellee
Doctors for Women Medical Center,
LLC

\* \* \* \* \* \*

**BEFORE: GUIDRY, C.J., McCLENDON, WELCH, THERIOT, HOLDRIDGE, CHUTZ, PENZATO, LANIER, WOLFE, HESTER, MILLER, AND GREENE, JJ.**

**HOLDRIDGE, J.**

This is an appeal from a trial court judgment granting a motion for summary judgment in favor of Kacie M. Breen, declaring that she is the sole beneficiary of the Doctors for Women, L.L.C. Profit Sharing Plan and Trust (the Plan) and is the sole owner of the proceeds of the Plan held in the registry of the trial court. For the reasons that follow, we reverse in part and remand.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2015, Kacie Breen shot and killed her husband, Wayne Edmond Breen, a physician in St. Tammany Parish. Dr. Breen was survived by: Kacie; their minor child, A.B.; Sean Michael Breen, Ryan Michael Breen, Patrick Vernon Breen, Devin Thomas Breen, and Bridget Marie Breen Dunbar (the adult children from a prior marriage collectively referred to as "the adult Breen children"); and Aaron Dylan Knapp (an adult son from an extra-marital relationship).[1]

On May 22, 2015, Kacie filed a Petition to Probate/Execute Original Last Will and Testament, docketed in the trial court as suit number 2015-30176. On July 17, 2015, Doctors for Women Medical Center, L.L.C., Craig M. Landwehr, M.D., L.L.C., and Craig M. Landwehr, M.D., in his Capacity as a Trustee of the Plan (collectively referred to as "Doctors for Women") filed a Petition for Concursus Proceeding, which was docketed as suit number 2015-12925, naming as defendants Kacie, individually and in her capacity as the tutor of the minor child, A.B., and the adult Breen children.[2] Doctors for Women sought to resolve the defendants' claims

---

[1] Kacie alleged the shooting was in self-defense, and she was never charged or convicted for the killing of Dr. Breen. On May 1, 2015, Sean filed a wrongful death suit naming Kacie as a defendant in suit number 2015-11809, which was later amended on February 21, 2018, to include Aaron as a plaintiff. **Dunbar v. Breen**, 2019-1687, 2019-1688 (La. App. 1 Cir. 11/6/20), 2020 WL 6536426 at *1 (unpublished opinion). In July of 2015, the remaining adult Breen children filed a separate wrongful death suit against Kacie, which was docketed as suit number 2015-13096, consolidated with Sean's suit, and later voluntarily dismissed with prejudice. **Dunbar**, 2020 WL 6536426 at *1 n.2. Related appeals involve the dismissal of the wrongful death litigation. **Breen v. Breen c/w Dunbar v. Breen**, 2021-1583, 2021-1585 (La. App. 1 Cir. 7/6/23), ___ So.3d ___.

[2] The Petition for Concursus Proceeding also named the following additional defendants who are not relevant to these proceedings: HUB International Gulf South Limited, a Division of HUB

3

to the Plan proceeds and attached a copy of the Plan and a 2002 beneficiary designation by Dr. Breen as exhibits to the petition.[3]

Thereafter, on August 12, 2015, the adult Breen children filed a Petition for Declaration of Unworthiness in the succession proceeding, naming Kacie as a defendant and asserting that she was an unworthy successor as set forth in La. C.C. art. 941 because she participated in the intentional, unjustified killing of Dr. Breen.[4] The adult Breen children alleged they had filed petitions for damages for wrongful death naming Kacie as a defendant, and that there was an ongoing criminal investigation and determination of civil liability that had not yet concluded, which would have an effect on Kacie's worthiness to inherit from the succession of Dr. Breen. By way of a consent judgment signed on December 7, 2015, the concursus proceeding was consolidated with the succession proceeding.

While the Petition for Declaration of Unworthiness was pending, a federal interpleader action was initiated by two life insurance companies to settle claims to the proceeds of two life insurance policies taken out by Dr. Breen naming Kacie as beneficiary. See **Pruco Life Insurance Co. v. Breen**, 289 F.Supp. 3d 777, 778-79 (E.D. La. 2017), aff'd, 734 F.Appx. 302 (5th Cir. 2018) (per curiam). The adult Breen children and the administratrix of Dr. Breen's estate opposed Kacie's receipt of the life insurance proceeds pursuant to La. R.S. 22:901(D)(1)(b), which provides

---

International Midwest Limited (the Plan administrator); Merrill Lynch, Pierce, Fenner & Smith, Inc. (holder of the Plan proceeds); and Wayne E. Breen, M.D., LLC (Plan trustee, employee, and participant). We note that Merrill Lynch, Pierce, Fenner & Smith, Inc. was misnamed in the caption of the concursus petition as "MERRILL LYNCH, FENNER & SMITH, INC."

[3] Doctors for Women also attached to its petition a beneficiary designation, a beneficiary claim by Kacie, and a letter from the adult Breen children's counsel to Doctors for Women asking it to refrain from distributing the Plan proceeds to Kacie.

[4] Louisiana Civil Code article 941 provides, in part:

> A successor shall be declared unworthy if he is convicted of a crime involving the intentional killing, or attempted killing, of the decedent or is judicially determined to have participated in the intentional, unjustified killing, or attempted killing, of the decedent. An action to declare a successor unworthy shall be brought in the succession proceedings of the decedent.

4

*in part* that a beneficiary cannot receive life insurance proceeds if she is "[j]udicially determined to have participated in the intentional, unjustified killing of the individual insured." **Pruco Life Insurance Co.**, 289 F.Supp.3d at 788. Aaron attempted to intervene in the interpleader proceeding on February 6, 2017, but his motion was denied as untimely, given the impending trial date of March 20, 2017. Following a trial in the interpleader action, the federal district court found that the adult Breen children and the administratrix did not meet their burden under La. R.S. 22:901(D)(1)(b) to establish that Kacie "participated in the intentional, unjustified killing of the individual insured, i.e., her husband" and entered judgment in favor of Kacie, finding that she was entitled to the life insurance proceeds.[5] **Pruco Life Insurance Co.**, 289 F.Supp.3d at 798-99.

Following the rendition of the federal court judgment, Kacie filed a peremptory exception raising the objection of *res judicata* on June 27, 2017, as to the Petition for Declaration of Unworthiness filed by the adult Breen children.[6] Kacie asserted that in order to succeed in their claim, the adult Breen children were required to prove that she was judicially determined to have participated in the intentional, unjustified killing of Dr. Breen. She contended that the identical issue was involved in the federal interpleader action, and that in rendering judgment in her

---

[5] Louisiana Revised Statutes 22:901(D)(1) provides in pertinent part that:

> No beneficiary ... under any personal insurance contract shall receive from the insurer any benefits under the contract accruing upon the death, disablement, or injury of the individual insured when the beneficiary ... is either:
> (a) Held by a final judgment of a court of competent jurisdiction to be criminally responsible for the death, disablement, or injury of the individual insured.
> (b) Judicially determined to have participated in the intentional, unjustified killing of the individual insured.

[6] We note that although the concursus and succession proceedings were consolidated, the parties correctly captioned the pleadings they filed with the suit number to which the pleadings pertained. Kacie also filed a motion for attorney fees, court costs, and expenses pursuant to La. R.S. 9:2800.19, which provides for that award if the trial court finds that a defendant is entitled to tort immunity in a civil action against one who used "reasonable and apparently necessary or deadly force or violence" in preventing a forcible offense against the person or his property in accord with La. R.S. 14:20.

5

favor, the federal district court found the adult Breen children and Dr. Breen's estate failed to prove Kacie participated in the intentional, unjustified killing of the individual insured, Dr. Breen. Kacie further contended that because the legal and factual issues adjudicated in the federal interpleader action were the same as those upon which the unworthy successor declaration was premised, the federal court judgment acted as *res judicata* and barred subsequent claims between the parties. Following a hearing, the trial court signed a judgment on August 29, 2017, sustaining Kacie's peremptory exception raising the objection of *res judicata* and dismissing Sean's claims that Kacie was an unworthy successor under La. C.C. art. 941.[7] Sean and Aaron appealed the August 29, 2017 judgment. This court dismissed the appeal because the judgment was a nonappealable final judgment due to the lack of decretal language in the judgment and the absence of the designation required by La. C.C.P. art. 1915(B). **Doctors for Women Medical Center, L.L.C. v. Breen**, 2019-0582 (La. App. 1 Cir. 5/11/20), 303 So.3d 667, 671-72.

On December 29, 2017, Kacie filed the motion for summary judgment with an incorporated memorandum in the concursus proceeding that is at issue in this appeal. She sought a declaration that she was the sole beneficiary of the Plan and the disbursement of all Plan funds held in the registry of the court. Kacie asserted that there were no genuine issues of material fact that she was married to Dr. Breen and was his spouse at the time of his death and that she was his designated beneficiary under the Plan. Additionally, Kacie asserted that because the trial court had entered a final judgment sustaining her peremptory exception raising the objection of *res judicata* and dismissed with prejudice Sean's claim that Kacie was an unworthy successor pursuant to La. C.C. art. 941, and the other adult Breen children had voluntarily dismissed their claims, there was no legally viable pending

---

[7] On August 9, 2017, Patrick, Ryan, Devin, and Bridget filed a motion to dismiss with prejudice their claims of unworthiness, and the motion was granted on August 14, 2017.

claim that Kacie was disqualified as the designated beneficiary of the Plan. Furthermore, Kacie relied on the federal court judgment as the basis for her earlier objection of *res judicata*; she contended that the federal court's prior findings that she did not participate in the intentional, unjustified killing or attempted killing of Dr. Breen, and as such, was not a disqualified beneficiary under La. C.C. art. 941 or La. R.S. 22:901(D)(1), were *res judicata* and *res judicata* was a proper basis for the granting of the motion for summary judgment. Therefore, Kacie asserted that, as the only designated beneficiary of the Plan, she was entitled to immediate disbursement to her of the Plan funds held in the registry of the court.

Sean and Aaron (designated as an intervenor) filed several oppositions to Kacie's motion for summary judgment.[8] Sean and Aaron asserted that the federal interpleader judgment could not form the basis of *res judicata* because (at that time) it was pending on appeal before the U.S. Fifth Circuit Court of Appeals and further, that Aaron was not a party to the interpleader action, was denied participation in the action due to the objection of Kacie, and had no interest in the federal action's outcome; therefore, there was no interest of Aaron's that could have been protected. Additionally, Sean and Aaron asserted that the August 29, 2017 *res judicata* judgment, dismissing Sean's unworthiness claims with prejudice, was an

---

[8] Sean and Aaron filed a "MEMORANDUM IN OPPOSITION TO [KACIE'S] MOTION FOR SUMMARY JUDGMENT DECLARING HER THE SOLE BENEFICIARY OF THE [PLAN], AND INCORPORATED MEMORANDUM" on March 14, 2018; a "REPLY TO [SUPPLEMENTAL] MEMORANDUM OF [KACIE] IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT" on March 26, 2018; a "MEMORANDUM IN OPPOSITION TO [KACIE'S] MOTION TO STRIKE REPLY TO SUPPLEMENTAL MEMORANDUM OF [AARON] AND [SEAN] IN OPPOSIT[I]ON TO [KACIE'S] MOTION FOR SUMMARY JUDGMENT" on March 29, 2018; a "FIRST SUPPLEMENTAL AND AMENDING MEMORANDUM IN OPPOSITION TO [KACIE'S] MOTION FOR SUMMARY JUDGMENT DECLARING HER THE SOLE BENEFICIARY OF THE [PLAN], AND INCORPORATED MEMORANDUM" on April 13, 2018; a "FIRST SUPPLEMENTAL AND AMENDING REPLY MEMORANDUM IN RESPONSE TO SUPPLEMENTAL MEMORANDUM OF [KACIE] IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT" on April 13, 2018; and a "MEMORANDUM IN OPPOSITION TO [KACIE'S] MOTION FOR SUMMARY JUDGMENT DECLARING HER THE SOLE BENEFICIARY OF THE [PLAN] AND INCORPORATED MEMORANDUM" on April 20, 2018.

interlocutory judgment because it was not designated as a final judgment and violated Louisiana succession law.

In response, Kacie filed a "REPLY MEMORANDUM IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT DECLARING HER THE SOLE BENEFICIARY OF THE [PLAN], AND INCORPORATED MEMORANDUM," on March 23, 2018.

On March 28, 2018, Aaron filed his own Petition for Declaration of Unworthiness, naming Doctors for Women, Kacie, the Succession of Dr. Breen, and Wayne M. Breen, M.D., L.L.C., as defendants.[9] Aaron asserted that he timely instituted a filiation action on February 26, 2016, and in a February 13, 2017 consent judgment, Dr. Breen was recognized as Aaron's biological father, such that Aaron was entitled to all of the civil effects of filiation under the law. Aaron asserted that Kacie had no right to any of the funds comprising the Plan because she was alleged to have intentionally and without legal justification killed her husband, Dr. Breen. Also, on March 18, 2018, Doctors for Women filed a First Supplemental and Amending Petition for Concursus Proceeding, adding Aaron as a defendant.

The trial court held a hearing on Kacie's motion for summary judgment and Doctors for Women's motion for leave of court to file the First Supplemental and Amending Petition for Concursus Proceeding. Following the hearing, the trial court signed a "JUDGMENT AND INCORPORATED WRITTEN REASONS FOR JUDGMENT" on May 23, 2018, wherein the trial court granted Doctors for Women's motion for leave to file an amended petition adding Aaron as a defendant, granted the motion for summary judgment filed by Kacie, and designated the judgment as final pursuant to La. C.C.P. art. 1915. Sean and Aaron appealed from

_____

[9] Aaron also named Craig M. Landwehr, M.D., L.L.C., and Craig M. Landwehr, M.D., as defendants.

8

the May 23, 2018 judgment.[10] In **Doctors for Women Medical Center, L.L.C. v. Breen**, 19-0584, 19-0585 (La. App. 1 Cir. 6/1/20), 2020 WL 2832627 at *3 (unpublished opinion), this court dismissed the appeal after finding that it lacked appellate jurisdiction because the May 23, 2018 judgment was defective and could not be considered a final judgment for purposes of appeal due to the absence of appropriate decretal language stating the party against whom the ruling was ordered or granting any specific relief.

On June 2, 2020, Aaron filed his own motion for summary judgment based on Kacie's alleged unworthiness. Additionally, on July 27, 2020, Aaron filed an exception raising the objection of failure to join an indispensable party, asserting that Kacie failed to include the minor child of her and Dr. Breen as a party in this matter with independent legal counsel. Aaron stated that he had previously filed an exception in the appellate court in conjunction with the appeal from the May 23, 2018 judgment, but the appellate court pretermitted discussion of his exception. As such, he requested that the trial court consider his re-urged exception.

At a hearing conducted on August 5, 2020, the trial court initially stated that it was considering the motion for summary judgment filed by Aaron and the rule for disbursement of funds held in the registry of the court filed by Kacie. Aaron's counsel argued the merits of his summary judgment motion, but he also raised procedural issues that he contended precluded the trial court from hearing the summary judgment motion at that time.[11] Kacie's counsel asked the trial court to

---

[10] Aaron answered the concursus petition on June 8, 2018.

[11] At the hearing, Aaron argued the merits of his motion for summary judgment but also pointed out procedural irregularities as to holding the summary judgment hearing. He argued that he filed his motion on May 2, 2020, and the trial court set it for hearing on August 5, 2020. (We note that while the certificate of service is dated May 2, 2020, he actually filed the motion on June 2, 2020.) He stated that he had service instructions in the motion for all of the parties in interest, but the record did not show a return of service as to Doctors for Women Medical Group and showed a return of service as to the other parties for July 23, 2020, less than 15 days before the hearing. See La. C.C.P. art. 966(B)(2).

9

deny Aaron's motion for summary judgment and grant Kacie's motion for the disbursement of the Plan proceeds.

In its oral reasons, the trial court referred to its earlier 2018 ruling granting summary judgment in favor of Kacie, which this court determined was not a final appealable judgment. The trial court stated that it "upheld" its prior ruling and would sign a written judgment to that effect with proper decretal language. The trial court commented that the granting of Kacie's motion for summary judgment "basically does away with" Aaron's motion for summary judgment. The trial court stated that its prior ruling granting Kacie's summary judgment motion also applied to Aaron and that the ruling on the peremptory exception raising the *res judicata* objection applied to Aaron. In ordering the parties to submit proposed judgments, the court stated that the judgment was to reflect the "rulings that I issued on, back in 2018, that were the subject of the May 23rd judgment." The trial court then stated that on Aaron's summary judgment motion, it agreed that service had not been perfected on all named parties based on Aaron's counsel's procedural arguments, but stated:

> I'm not going to specifically deny [his summary judgment motion]. But I'm going to say I'm upholding the summary judgment from Kacie . . . . So obviously, there is a massive genuine issue of material fact that I think should be deemed moot and not reset. But that's up to the parties.

The trial court added that it was continuing the matter.[12] The trial court also withheld ruling on Kacie's motion for disbursement of funds until the suspensive appeal delays had lapsed with regard to the yet-to-be signed final judgment granting Kacie's motion for summary judgment.

In a judgment signed on August 18, 2020, the trial court stated that, as to the matter taken up on May 10, 2018, on Kacie's motion for summary judgment filed on December 29, 2017, for the reasons assigned orally and in writing on May 23,

---

[12] At one point, the trial court stated that if it were to give written reasons in the suit, they would be identical to those given by the trial court in the wrongful death suit and it would adopt that ruling, as the ruling applied to Aaron for his summary judgment motion.

2018, and orally on August 5, 2020, it granted Kacie's summary judgment motion in her favor and against Sean and Aaron. In the judgment, the trial court also decreed that Kacie was the sole beneficiary of the Plan and that Kacie was the sole owner of the proceeds of the Plan held in the registry of the court, and it designated the judgment as final.[13] The minute entry for August 5, 2020, stated that Aaron's motion for summary judgment and Kacie's rule for disbursement of funds were continued without date. Aaron subsequently filed a motion for suspensive appeal of the trial court's August 18, 2020 judgment on September 3, 2020.[14] After the appeal was lodged, Aaron filed an exception raising the objection of nonjoinder of an indispensable party with this court.

## DISCUSSION

### Motion for Summary Judgment

Appellate courts review the granting of a summary judgment *de novo* using the same criteria governing the trial court's consideration of whether summary judgment is appropriate, *i.e.*, whether there is any genuine issue of material fact and whether the mover is entitled to judgment as a matter of law. See La. C.C.P. art. 966(A)(3); **Lucas v. Maison Insurance Co.**, 2021-1401 (La. App. 1 Cir. 12/22/22), 358 So.3d 76, 83-84.

The summary judgment procedure is favored and is designed to secure the just, speedy, and inexpensive determination of every action. See La. C.C.P. art.

---

[13] The trial court noted that, notwithstanding the La. C.C.P. art. 1915(B) designation, the judgment appeared to be a final judgment under La. C.C.P. art. 1915(A)(3). Consolidation pursuant to La. C.C.P. art. 1561 is a procedural convenience designed to avoid a multiplicity of actions and does not cause a case to lose its status as a procedural entity. **Dodson & Hooks, APLC v. Louisiana Community Development Capital Fund, Inc. "Capfund,"** 2019-1516 (La. App. 1 Cir. 12/30/20), 318 So.3d 939, 945 n.3. The consolidation of actions does not merge them unless the records clearly reflect an intention to do so. **Dodson & Hooks, APLC**, 318 So.3d at 945 n.3. On the records before us, we find no evidence reflecting an intention to merge the succession and concursus actions.

[14] In his motion for appeal, Aaron also requests an appeal from the earlier May 23, 2018 judgment. We also note that although Sean filed an appellant brief, he did not file a motion and order for appeal from the judgment signed on August 18, 2020.

11

966(A)(2). After an adequate opportunity for discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. La. C.C.P. art. 966(A)(4).

On a motion for summary judgment, the initial burden of proof rests with the mover. See La. C.C.P. art. 966(D)(1); **Lucas v. Maison Insurance Co.**, 2021-1401 (La. App. 1 Cir. 12/22/22), 358 So.3d 76, 84. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Instead, after meeting his initial burden of showing that there are no genuine issues of material fact, that mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the adverse party can produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. See La. C.C.P. art. 966(D)(1). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents to which no objection is made. Any objection to a document shall be raised in a timely filed opposition or reply memorandum. The court shall consider all objections prior to rendering judgment. The court shall specifically state on the record or in writing which documents, if any, it held to be inadmissible or declined to consider. La. C.C.P. art. 966(D)(2).

12

Summary judgment is seldom appropriate for determinations based on the subjective facts of intent, motive, malice, good faith, or knowledge. See **Jones v. Estate of Santiago,** 2003-1424 (La. 4/14/04), 870 So.2d 1002, 1006. These subjective facts call for credibility evaluations and the weighing of testimony. **Lucas,** 358 So.3d at 84-85. A trial court cannot make credibility decisions on a motion for summary judgment. **Lucas,** 358 So.3d at 85.

In the instant case, Kacie sought summary judgment seeking a declaration that she was the sole beneficiary of the Plan because of a prior ruling dismissing the claim that she was an unworthy successor and seeking disbursement of all Plan funds. As such, Kacie bore the burden of establishing that there were no genuine issues of material fact and as a matter of law she had the status of beneficiary and was entitled to the Plan funds. See La. C.C.P. art. 966(A)(3). We note that Kacie sought to establish her claims in a motion for summary judgment. Therefore, her claims were required to be properly supported by the exclusive list of documents listed in article 966(A)(4) and all of the time periods and rules provided for in articles 966 and 967 were required to be followed. See La. C.C.P. art. 966, Comments— 2015, comment (c). The court is not allowed to weigh any of the documentary evidence presented nor is it allowed to grant judgment unless there are no genuine issues of material fact. See **Cypress Heights Academy v. CHA Investors, LLC,** 2021-0820 (La. App. 1 Cir. 6/7/22), 343 So.3d 736, 745, writs denied, 2022-01284 (La. 11/8/22), 349 So.3d 574 & 2022-01247 (La. 11/8/22), 349 So.3d 576. Also, on appellate review as previously noted, this court reviews the decision of the trial court *de novo,* as if it is sitting as the trial court. **Lucas,** 358 So.3d at 83-84.

We note that Kacie chose to raise the *res judicata* issue in a motion for summary judgment instead of by way of the peremptory exception raising the objection of *res judicata.* The objection of *res judicata* may be raised by the filing of a peremptory exception (La. C.C.P. art. 927(3)) or in a motion for summary

13

judgment (La. C.C.P. art. 966). See **Charles v. Moore Petroleum, Inc.,** 2017-0909 (La. App. 1 Cir. 1/23/18), 241 So.3d 1022, 1025, writ denied, 2018-0456 (La. 5/11/18), 242 So.3d 567. If the objection of *res judicata* is raised in a peremptory exception, different rules apply than if it is raised in a motion for summary judgment. The facts and evidence supporting and opposing the exception, including oral testimony, may be introduced at the hearing on the exception. La. C.C.P. art. 931. The trial court can weigh the evidence and decide whether to reject any evidence that is not credible. The burden of proof is more probable than not (unlike the high standard of no genuine issue of material fact in a motion for summary judgment) and the trial court can weigh the conflicting testimony and documentary evidence to decide the issue based upon its review of all of the evidence presented. Lastly, the standard of review by an appellate court may also be different. Review of a motion for summary judgment is a *de novo* review, whereas review for a peremptory exception raising the objection of *res judicata* may be a manifest error review of the evidence produced at the hearing. **Horrell v. Alltmont,** 2019-0945 (La. App. 1 Cir. 7/31/20), 309 So.3d 754, 758 n.6.

Noting the stark difference between a peremptory exception raising the objection of *res judicata* and a motion for summary judgment, we will review the evidence presented in this case. In support of her motion, Kacie submitted the following: two pages of the Plan, the first page stating that the effective date of the plan was January 1, 2010, and the page entitled "ARTICLE 9 BENEFICIARIES," which contains the provision that the surviving spouse is the beneficiary of the Plan absent a contrary designation (Exhibit A); her affidavit (Exhibit B); an affidavit from a handwriting expert attesting that there was a strong probability that the signature on a 2002 Plan beneficiary designation (purportedly designating Dr. Breen's "issue" as his beneficiaries) was not his signature (Exhibit C); a copy of the August 29, 2017 judgment in the succession suit sustaining Kacie's peremptory exception raising the

14

objection of *res judicata* and dismissing Sean's petition for unworthiness, a copy of the exception raising the objection of *res judicata* and its "INCORPORATED MEMORANDUM" filed without the federal court **Pruco** opinion and judgment referred to as an attached exhibit in the memorandum, and a copy of the memorandum in opposition to the exception raising the objection of *res judicata* filed by Sean and Aaron (Exhibit D); and a copy of the motion to voluntarily dismiss the petition for unworthiness filed in the succession suit by four of the adult Breen children, Patrick, Ryan, Devin, and Bridget, and the order dismissing their petition (Exhibit E).

We note that Kacie did not attach the federal court **Pruco** opinion and judgment to her motion for summary judgment. In her motion for summary judgment and incorporated memorandum, she stated in Paragraph 4:

> Pursuant to C.C.P. art. 853, Kacie Breen fully adopts by reference and re-urges *in extenso* herein her July 26, 2017, Expedited Emergency Motion for Disbursement of Registry Funds and Incorporated Memorandum and all exhibits attached thereto, and her August 9, 2017, Memorandum on the Issue of the Rightful Beneficiary of the "Plan". See, *Frisard v. Autin*, 747 So.2d 813 (La.App.1st Cir. 1999), *writ den.* 756 So.2d 1145 (La. 2000).

The record before this court was supplemented with the July 2017 Motion for Disbursement and the August 2017 Memorandum. Attached to the Motion for Disbursement was a copy of the federal court's judgment and reasons for judgment in the **Pruco** interpleader action.

Under La. C.C.P. art. 966, parties must attach all documents in support of or in opposition to the motion for summary judgment to their motion or opposition, and the court cannot consider other materials in the record. La. C.C.P. art. 966, Comments—2015, comments (c) and (k); **Troncoso v. Point Carr Homeowners Association**, 2022-0530 (La. App. 1 Cir. 1/10/23), 360 So.3d 901, 914. Thus, this court cannot consider the July 2017 Motion for Disbursement and the August 2017 Memorandum because the motion and memorandum were not attached to Kacie's

15

summary judgment motion and were elsewhere in the record. See **Troncoso**, 360 So.3d at 914-15. Clearly, a party cannot supplement the record in the appellate court with documents that should have been filed in the trial court pursuant to La. C.C.P. art. 966. Moreover, in the absence of consent by the parties, a trial court has no discretion to extend the fifteen-day deadline in article 966(B)(2) for filing an opposition to a motion for summary judgment. See **Hooper v. Lopez**, 2021-1442 (La. App. 1 Cir. 6/22/22), 344 So.3d 656, 663, writ denied, 2022-01421 (La. 11/22/22), 350 So.3d 501. Thus, the deadlines set for filing documents in a motion for summary judgment proceeding are mandatory. See **Auricchio v. Harriston**, 20-01167 (La. 12/10/21), 332 So.3d 660, 661; **Hooper**, 344 So.3d at 6623. Without these exhibits, the federal court judgment in **Pruco** cannot be considered on this motion for summary judgment because it was not filed with the summary judgment motion. This court also cannot take judicial notice of the **Pruco** judgment. See **Horrell**, 309 So.3d at 759-761 (the request in movers' memorandum that the court take judicial notice of court decisions in prior litigation between the parties did not satisfy the requirements of La. C.C.P. art. 966(A)(4) or 966(D)(2); the judgments and suit record from the prior litigation must be filed with the motion for summary judgment in order for the court to consider them). Therefore, this court cannot consider the **Pruco** opinion and these exhibits in determining whether Kacie satisfied her initial burden on the summary judgment motion.

From our review of the summary judgment evidence that was properly filed and that we can consider, we find that Kacie presented evidence establishing that she was married to Dr. Breen at the time of his death and that as his surviving spouse, she was his designated beneficiary for the Plan benefits.[15] In her affidavit, Kacie

---

[15] We note that through her affidavit, Kacie attested that she did not consent to any designation by Dr. Breen of any beneficiary to the Plan other than herself, as required by the contents of the Plan. Furthermore, Kacie presented the affidavit of a forensic document examiner, who opined that the signature on a purported beneficiary designation (which designated Dr. Breen's "issue" as his

stated that she had not been convicted or arrested for any crime involving the intentional killing or attempted killing of Dr. Breen, nor had she been judicially determined to have participated in the intentional, unjustified killing or attempted killing of Dr. Breen. She then stated that she had not participated in the intentional, unjustified killing or attempted killing of Dr. Breen. She concluded by stating that she shot and killed Dr. Breen "in an act of lawful justifiable self-defense and justified use of deadly force, as defined and permitted by Louisiana law." Furthermore, Kacie presented the trial court's judgment maintaining the peremptory exception raising the objection of *res judicata* and stating that Sean's claims that she was an unworthy successor under La. C.C. art. 941 were dismissed with prejudice, and the trial court's judgment dismissing with prejudice the remaining adult Breen children's unworthiness allegations.

In opposing Kacie's motion, Aaron asserted that he was not a party to the federal interpleader action, upon which the *res judicata* judgment was based, and therefore his claim regarding Kacie's unworthiness could not be barred by *res judicata*.[16] Aaron and Sean did not file any evidence in opposition to Kacie's summary judgment motion.

---

beneficiaries) was not consistent with his known signature and that a strong probability existed that Dr. Breen did not sign that form. Neither Aaron nor Sean contradicted this evidence.

We note that unless properly authenticated by an affidavit or deposition to which they are attached, contracts generally are not proper summary judgment evidence. See La. C.C.P. art. 966, Comments—2015, comment (c). The two pages of the Plan, which was also attached to the concursus petition, were not authenticated. In **Tennie v. Farm Bureau Property Insurance Co.**, 2020-1297 (La. App. 1 Cir. 6/4/21), 327 So.3d 1020, 1027 n.6, writ denied, 2021-00949 (La. 10/19/21), 326 So.3d 231, this court pretermitted the issue of whether the policy could be considered when filed in support of the motion for summary judgment, without authentication by affidavit or deposition, because the policy was also attached to the opposition to the motion for summary judgment. In this case, because there were no objections to the excerpts raised in a timely filed opposition memorandum and because the Plan was attached to the petition for concursus, we will consider the excerpts under La. C.C.P. art. 966(D)(2).

[16] We note that Sean and Aaron filed a joint opposition to Kacie's motion for summary judgment and raised several arguments in opposition to the motion, as detailed *supra*. However, the only argument applicable to Aaron and which Aaron assigned as error on appeal is whether the judgment in the federal interpleader action was *res judicata* and precluded any claim by him, a nonparty to the federal action, as to Kacie's unworthiness in the concursus proceeding.

Additionally, we note that Aaron raises several arguments on appeal, which he did not raise in the trial court, most of which relate to procedural irregularities. Specifically, Aaron contends

In her motion for summary judgment, Kacie attempted to show that she was not disqualified as a beneficiary because the federal interpleader judgment, the *res judicata* judgment, and the dismissal of the unworthiness allegations, which are final judgments regarding her alleged unworthiness as a beneficiary, barred relitigation of any underlying claims regarding Kacie's shooting of Dr. Breen and defeated any claim that Kacie was disqualified. However, as earlier noted, Kacie failed to submit the federal court judgment. The other judgments that Kacie submitted in support of her summary judgment motion were the judgment dismissing Sean's claims that she was an unworthy successor under La. C.C. art. 941 on the basis of her peremptory exception raising the objection of *res judicata* and the judgment of voluntary dismissal of the remaining adult Breen children's unworthiness claims. Thus, in determining whether Kacie met her burden of proving her entitlement to summary judgment based on *res judicata*, this court can only consider the state court judgments that were submitted with the summary judgment motion, not the federal court judgment in **Pruco**.[17]

The Louisiana Supreme Court has emphasized that all of the following elements must be satisfied in order for *res judicata* to preclude a second action: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause(s) of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause(s) of action asserted in the second suit arose out

---

that he was never served with the motion for summary judgment, that he was not made a party to the motion, and that the form of the evidence submitted in support of Kacie's motion was not proper. However, we note that Aaron, who was an intervenor in the proceeding and who had been named as a defendant in the concursus proceeding by Doctors for Women pending court approval, joined with Sean in filing multiple oppositions to the motion for summary judgment and his counsel was present at the hearing. Furthermore, Aaron failed to raise any objection to the lack of service or to the form of the evidence in the trial court and as such, waived any objection. See **State v. Kee Food, Inc.**, 2017-0127 (La. App. 1 Cir. 9/21/17), 232 So.3d 29, 32, writ denied, 2017-1780 (La. 12/5/17), 231 So.3d 632; see also La. C.C.P. art. 966(D)(2). See also footnote 14 as to the Plan excerpts specifically.

[17] We note that if *res judicata* is based on a prior federal court judgment, Louisiana courts apply the federal law of *res judicata*. **Webb v. Morella**, 2016-1153 (La. App. 1 Cir. 6/21/17), 224 So.3d 406, 409.

18

of the transaction or occurrence that was the subject matter of the first litigation. **Burguieres v. Pollingue**, 2002-1385 (La. 2/25/03), 843 So.2d 1049, 1053, citing La. R.S. 13:4231. The parties are the same for purposes of *res judicata* only when they appear in the same capacities in both suits. **Burguieres**, 843 So.2d at 1054. The burden of proving the facts essential to support the objection of *res judicata* is on the party pleading the objection. **Jefferson v. Board of Supervisors of Southern University & Agricultural & Mechanical College**, 2021-0716 (La. App. 1 Cir. 3/3/22), 341 So.3d 603, 607.

Identity of parties is satisfied when a privy of one of the parties is involved. **Burguieres**, 843 So.2d at 1054 n.3. In its broadest sense, "privity" is the mutual or successive relationship to the same right of property, or such an identification in interest of one person with another as to represent the same legal right. **Matherne v. TWH Holdings, L.L.C.**, 2012-1878 (La. App. 1 Cir. 12/6/13), 136 So.3d 854, 861, writ denied, 2014-0854 (La. 6/20/14), 141 So.3d 810.

Initially, we note that the August 29, 2017 judgment in favor of Kacie dismissing Sean's unworthiness claims was arguably not a final judgment as it simply dismissed those claims in the succession proceeding. Moreover, Kacie did not meet her burden of proof as to the element of the identity of parties. Aaron was not a party to the actions brought by Sean and the other adult Breen children to have Kacie declared an unworthy successor. In the present case, Kacie failed to introduce any evidence to establish the relationship between Aaron and the adult Breen children was sufficiently close to permit the application to him of the preclusive effect of the judgment dismissing Sean's claims that Kacie was an unworthy successor. See **Chastant v. Chastant**, 2013-1402 (La. App. 3 Cir. 4/23/14), 138 So.3d 801, 807 (reversing a summary judgment dismissing a wrongful death action due to an unresolved issue concerning whether the relationship between the plaintiffs [non-parties in the prior litigation] and their uncle [a named party in the prior

litigation] was sufficient to establish privity for purposes of *res judicata*).[18]  *Res judicata* does not apply unless the party sought to be barred had a full and fair opportunity to litigate the claim in the prior action.  **Morales v. Wilder**, 2020-0861 (La. App. 1 Cir. 3/16/22), 2022 WL 804294, at *3 (unpublished opinion).  In this case, it was not shown that Aaron had such an opportunity.[19]  Therefore, the trial court erred in rendering summary judgment against him.

Since there are genuine issues of material fact as to whether Aaron's interests were adequately represented, Kacie's motion for summary judgment fails and the matter is remanded for further proceedings.[20]

## Exception-Nonjoinder of Indispensable Party

Aaron filed an exception raising the objection of nonjoinder of an indispensable party with this court.  The joinder of parties needed for just adjudication is addressed in La. C.C.P. art. 641, which provides:

A person shall be joined as a party in the action when either:

---

[18] The facts in **Chastant** bear striking similarities to the instant matter. After Dr. Chastant was murdered, his widow (who was the primary beneficiary under his retirement plans and insurance policies) filed suit to obtain the proceeds of her husband's retirement plans and policies. Based on diversity jurisdiction, the suit was transferred to federal court. The defendants were the decedent's brother, Paul (in his capacity as trustee of the decedent's testamentary trust) and the companies administering the decedent's retirement plans and life insurance policies.  The defendants challenged the widow's right to receive the proceeds by alleging she was a co-conspirator in the decedent's murder. A jury rejected those claims and she prevailed in federal court. Thereafter, the decedent's adult children from prior marriages, who were not parties in the federal litigation, filed a wrongful death suit against the widow. She responded by filing a motion for summary judgment asserting collateral estoppel barred the plaintiffs from relitigating the issue of whether she participated in the decedent's murder. The trial court granted summary judgment in favor of the widow and dismissed the plaintiffs' claims. **Chastant**, 138 So.3d at 801-04. On appeal, the Third Circuit reversed the summary judgment, finding an issue of fact existed regarding privity, *i.e.*, whether the relationship between the plaintiffs and their uncle, Paul, was sufficient to establish privity. **Chastant**, 138 So.3d at 807.

[19] At oral argument, counsel for Aaron alleged that Aaron was precluded from intervening in the federal case upon the objection of Kacie.  Aaron's counsel also alleged that the adult Breen children were not allowed to present an expert witness to attempt to prove Kacie's involvement in the killing of Dr. Breen. These facts would create genuine issues of material fact as to whether the adult Breen children adequately represented Aaron's interest, which would preclude the trial court from granting summary judgment in accordance with La. C.C.P. art. 966(A)(3).

[20] Nothing in this opinion prohibits Kacie from filing an exception raising the objection of *res judicata* or another motion for summary judgment with the proper documents and evidence that may entitle her to a judgment in her favor.

(1) In his absence complete relief cannot be accorded among those already parties.

(2) He claims an interest relating to the subject matter of the action and is so situated that the adjudication of the action in his absence may either:

(a) As a practical matter, impair or impede his ability to protect that interest.

(b) Leave any of the persons already parties subject to a substantial risk of incurring multiple or inconsistent obligations.

In the instant case, Aaron asserts that the minor child of Kacie and Dr. Breen was an indispensable party who was not joined in the concursus proceeding. However, according to the record, Doctors for Women named as a defendant Kacie, individually and as the tutor for the minor child. Accordingly, we find any argument that the minor child was not made a party to this action is without merit.[21]

## CONCLUSION

For the foregoing reasons, we reverse that part of the August 18, 2020 judgment granting the motion for summary judgment filed by Kacie M. Breen as to Aaron Dylan Knapp insofar as it decrees that Kacie M. Breen is the sole beneficiary of Doctors for Women, L.L.C. Profit Sharing Plan and Trust and is the sole owner of the proceeds of the Doctors for Women, L.L.C. Profit Sharing Plan and Trust held in the registry of the trial court. Additionally, we overrule Aaron Dylan Knapp's peremptory exception raising the objection of nonjoinder of an indispensable party. We remand this matter for further proceedings. All costs of this appeal are to be split equally between Kacie M. Breen and Aaron Dylan Knapp.

**REVERSED IN PART; EXCEPTION OVERRULED; REMANDED.**

---

[21] Aaron filed a similar exception in the trial court following the dismissal of the previous appeal in this matter; however, there is no evidence in the record that the trial court ruled on Aaron's exception prior to entering a final judgment on August 18, 2020.

21

PMC

**STATE OF LOUISIANA**

**COURT OF APPEAL**

**FIRST CIRCUIT**

**2021 CA 0806**

**IN THE MATTER OF THE SUCCESSION OF WAYNE EDMOND BREEN**

*consolidated with*

**2021 CA 0807**

**DOCTORS FOR WOMEN MEDICAL CENTER, L.L.C., CRAIG M. LANDWEHR M.D., L.L.C., AND CRAIG LANDWEHR, M.D. IN HIS CAPACITY AS A TRUSTEE OF THE DOCTORS FOR WOMEN MEDICAL CENTER, L.L.C. PROFIT SHARING PLAN & TRUST**

**VERSUS**

**PATRICK VERNON BREEN, RYAN MICHAEL BREEN, DEVIN THOMAS BREEN, BRIDGET BREEN DUNBAR, SEAN MICHAEL BREEN, KACIE BREEN, INDIVIDUALLY AND IN HER CAPACITY AS TUTOR OF THE MINOR CHILD AIDEN BREEN, HUB INTERNATIONAL GULF SOUTH LIMITED, A DIVISION OF HUB INTERNATIONAL MIDWEST LIMITED, MERRILL LYNCH, FENNER & SMITH, INC., AND WAYNE E. BREEN MD, LLC**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**McClendon, J., concurs and assigns reasons.**

I concur with the opinion of the majority based on the unique facts of this case.

I also write separately to point out that the majority incorrectly cites Louisiana Code of Civil Procedure Article 966(D)(1), by adding additional language not found in the article. The majority states:

> On a motion for summary judgment, the burden of proof rests with the mover. La. C.C.P. art. 966(D)(1). Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. *Instead, after meeting his initial burden of showing that there are no genuine issues of material fact,* that mover may point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. Thereafter, summary judgment shall be granted unless the adverse party can produce factual evidence sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966(D)(1).

(Emphasis added). The majority refers to Article 966(D)(1) as the authority for the italicized language found above. However, while this may be a jurisprudential interpretation of the requirements for summary judgment under the article, this language does not appear in Article 966(D)(1).